LOGEMAN, APPELLEE, *v.* WAGNER ET AL., APPELLANTS.

[Cite as Logeman v. Wagner, 7 Ohio App. 2d 48.]

(No. 9840—Decided March 21, 1966.)

*Messrs. William J. Rielly* and *Mr. Frank E. Cunningham,* for appellee.

*Messrs. Kruse, Outcalt & Undercoffer,* for appellants.

HILDERBRANT, P. J. Appellants are the fiduciary and their attorneys who, by virtue of Section 2741.04, Revised Code, moved for an allowance of compensation in their unsuccessful defense in the contest of the will of William W. Wagner, Sr., wherein a jury found by vote of ten to two that the paper writing purporting to be the last will of William W. Wagner, Sr., was not his last will, which is the sole issue in a will contest case and may not be varied by the pleadings.

The trial court overruled the motion and further found that in this case it would not be proper to make an allowance.

Appellee states the issue presented by the appeal to be— "Is it mandatory for a trial court to award attorneys' fees and executors' fees to the unsuccessful defendants of a will contest case?"

After providing the issue as stated above be tried by a jury, Section 2741.04, Revised Code, provides in part as follows:

"* * * The verdict shall be conclusive, unless a new trial is granted, or the judgment is reversed or vacated. When the jury finds that the writing produced is not the last will and testament or codicil of the testator, the trial court shall allow as part of the costs of administration such amounts to the fiduciary and to the attorneys defending such purported last will or purported codicil, as in the opinion of the trial court are reasonable compensation for the services rendered in such contest. * * *"

The second amended narrative bill of exceptions consists of statements of counsel of their legal position, which are not evidence, and testimony as to the reasonable value of the services rendered, broken down into hours worked before trial at so much per hour, and court fees for four days in Common Pleas Court, Court of Appeals and the Supreme Court of Ohio, for two attorneys.

In prosecuting an appeal to the Court of Appeals and thence to the Supreme Court of Ohio, appellants suffered a diametric change of position from one of defending a will to one of attacking a judgment. No provision for compensation covering appeals is made in the statute, but rather, by the statute, the appeals being unsuccessful, the jury verdict became conclusive. In essence, there was no will to defend beyond that point, and this court is of the opinion that no fees for services in the appeals are allowable.

The trial court apparently based its refusal to allow compensation on the statement of counsel as to facts brought out on the trial, alleged proof of testamentary incapacity and undue influence on the part of the executor, a son, and his attorney.

This court is of the opinion that it is error to consider the grounds of the will contest, as the sole issue in a will contest is as stated *supra.*

The subject of the statute is solely "the services rendered in such contest," and it is clear, concise and unambiguous and mandatory leaving no room for construction based on equitable

consideration as to the heroic or unheroic image of the appellants.

The judgment is reversed, and the cause remanded to the Common Pleas Court with instructions to allow as part of the costs of administration to the fiduciary and to his attorney such amounts as in its opinion are reasonable compensation for services rendered in the Common Pleas Court only in such contest.

*Judgment reversed.*

Hover and Long, JJ., concur.