Bazo, Appellee, *v.* Siegel, Exr., Appellant, et al.

(No. 78-1015—Decided June 13, 1979.)

*Mr. William R. Hardy* and *Mr. Norman A. Murdock,* for appellee.

*Messrs. McCaslin, Imbus & McCaslin* and *Mr. John M. McCaslin, Jr.,* for appellant.

*Per Curiam.* It is settled law in this state that the right to contest the validity of a will "is subject to the statutory conditions precedent that the action 'shall be brought' within six months after probate, and the interested persons 'must be made parties' thereto." *Fletcher* v. *First Nat. Bank*

(1958), 167 Ohio St. 211, paragraph two of the syllabus. These statutory provisions (R. C. 2741.02 and 2741.09) have been interpreted to require that "the interested persons must be so named and made parties within the period of six months." *Id.*, paragraph three of the syllabus. See, also, *Gravier* v. *Gluth* (1955), 163 Ohio St. 232, and *Holland* v. *Carlson* (1974), 40 Ohio App. 2d 325.

Here, Francis Bazo was not named and made a party to the will contest within six months after the will was admitted to probate. Thus, the issue confronting this court is whether he is an "interested person" within the purview of R. C. 2741.02, whose absence from this action deprives the trial court of jurisdiction.

In *Steinberg* v. *Central Trust Co.* (1969), 18 Ohio St. 2d 33, paragraph one of the syllabus, we held that, "[a] person interested in a will, within the meaning of Section 2741.-01, Revised Code, is one, who, *at the time of the commencement* of an action to contest a will, has a *direct, pecuniary* interest in the estate of the putative testator, * * *." (Emphasis added.) Previously, this court had determined that the phrases "[a] person interested," as used in R. C. 2741.01 and "other interested persons," as used in R. C. 2741.02 were "identical in meaning." *Chilcote* v. *Hoffman* (1918), 97 Ohio St. 98, 109. See, also, *Sears* v. *Stinehelfer* (1913), 89 Ohio St. 163, 166. Thus, in order for Francis Bazo to be a necessary party to this will contest, he must have had a "direct, pecuniary" interest in the estate of Louise Fletcher "at the time of the commencement" of the action to contest her will.

We find that Francis Bazo did not have such a direct, pecuniary interest at that time. The contingent interest he had under the terms of the residuary clause had failed since appellee had survived the testatrix. The only other possibility that could arise where Francis Bazo could inherit under the will was if appellee contested the will, *and* the Court of Common Pleas subsequently upheld its validity, *and* the probate division subsequently construed the no-contest clause as working a forfeiture of appellee's interest.

Only if that point was reached would Francis Bazo have a direct, pecuniary interest in the will of Louise Fletcher.

The trial court's incorrect finding that Francis Bazo was a necessary party necessitated a preliminary determination that the will was valid. In this respect the court invaded the province of the jury, which alone has the authority to decide the ultimate issue of validity.[2]

By finding that Francis Bazo was a necessary party the trial court also acted improperly by construing the no-contest clause as working a forfeiture of appellee's legacy and substituting Francis Bazo, as a party interested in a portion thereof. While this might be a proper construction, in view of *Bradford* v. *Bradford* (1869), 19 Ohio St. 546, the responsibility for construing the provisions of a will rests with the probate division, not with the general division of the Court of Common Pleas.[3]

Since we find that Francis Bazo was not a necessary party to this will contest, it was improper for the Court of Appeals to have instructed the trial court on remand to grant appellee leave to amend to include Bazo as a defendant. We thus reverse the Court of Appeals as to that portion of its judgment, but affirm the judgment of the Court of Appeals in all other respects.

*Judgment affirmed in part and reversed in part.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

---

[2]See R. C. 2741.04. See, also, *Monroe* v. *Barclay* (1867), 17 Ohio St. 302, which held, *inter alia*, that the question of undue influence is to be determined by the jury.

[3]See, *e. g.*, *Mears* v. *Mears* (1864), 15 Ohio St. 90; *Trapp* v. *Trapp* (1962), 185 N. E. 2d 85, and 55 Ohio Jurisprudence 2d 720-722, Section 327.