TRUSTEES OF THE DIOCESE OF SOUTHERN OHIO (EPISCOPAL), APPELLANT, *v.* GILCHRIST, EXECUTOR, ET AL., APPELLEES.

(Nos. C-800111 and C-800344—Decided October 7, 1981.)

*Strauss, Troy & Ruehlmann Co., L.P.A.,* Mr. *Samuel M. Allen* and Mr. *Richard Boydston,* for appellant Trustees of Episcopal Diocese.

Messrs. *Kohnen & Kohnen,* Mr. *Ralph B. Kohnen, Jr.,* and Mr. *Roger W. Healey,* for appellee Fifth Third Bank, trustee of testamentary trust of Eugene Zimmerman.

Messrs. *Frost & Jacobs,* Mr. *T. Stephen Phillips* and Mr. *Larry H. McMillin,* for appellee Sidney Arthur Robin George Drogo Montagu, Eleventh Duke of Manchester.

Messrs. *Taft, Stettinius & Hollister,* Ms. *Cynthia F. Blank* and Mr. *Daniel J. Hoffheimer,* for appellees and cross-appellants United States Trust Company of New York, Alton E. Peters and Thomas B. Gilchrist, Jr., executors of the Will of Alexander George Francis Drogo Montagu, Tenth Duke of Manchester.

KLUSMEIER, J. This is an appeal from a decision of the Hamilton County Court of Common Pleas dismissing an ac-

tion seeking to contest the Will of Helena, Dowager Countess of Kintore.

On January 30, 1915 the Last Will and Testament of Eugene Zimmerman was admitted to probate in Hamilton County, Ohio. The Will of Eugene Zimmerman established a testamentary trust for the benefit for life of his daughter, Helena, who at her death was known as the Dowager Countess of Kintore or Lady Kintore. In his will, Eugene Zimmerman provided that at the death of Helena the trust would continue for twenty-one years for the use and benefit of her children surviving her and after twenty-one years the trust would terminate and the corpus thereof be paid to Helena's children free from trust. In the event that none of her children survived her by twenty-one years, Helena was given a general testamentary power of appointment over the corpus of the trust estate. In default of valid appointment the corpus was to be paid to St. Paul's Protestant Episcopal Church of Cincinnati, Ohio free from trust. The plaintiff-appellant, Trustees of the Diocese of Southern Ohio (Episcopal), are the successors in interest of St. Paul's Protestant Episcopal Church of Cincinnati.

In 1967 Lady Kintore signed a document purporting to be her Last Will and Testament making disposition of her "American estate." This document met the formal requirements governing testamentary dispositions as established by the law of Ohio. In this document Lady Kintore made specific reference to the power of appointment as granted in the will of her father, Eugene Zimmerman. Upon the occurrence of the condition precedent to the exercise of such power, *i.e.*, the failure of any of her children to survive her by twenty-one years, she ap-

pointed the sum of $100,000 to the Cemetery of Spring Grove of Cincinnati, Ohio; the balance of the principal of the trust fund was appointed as follows: one-half to the Episcopal Society of Christ's Church, Cincinnati, Ohio and one-half to her executors to be disposed of by them as Lady Kintore should in writing or otherwise direct. The residuary clause of the 1967 document gave, devised and bequeathed the rest, residue and remainder of her "American estate" to her son the Tenth Duke of Manchester or, should he predecease Lady Kintore, to her grandson, the Viscount Mandeville.

In 1970 Lady Kintore signed a document entitled "disposal of my interest in half the residue under the Will of my late father Eugene Zimmerman on my son, the Duke of Manchester, failing to survive me for twentyone [*sic*] years." This document then lists six natural persons and two organizations as beneficiaries in differing amounts. This single page document was signed by Lady Kintore and bears the signature of one witness.

Lady Kintore died December 15, 1971 and her sole surviving child, the Tenth Duke of Manchester, died on November 23, 1977. None of her children having survived her by twenty-one years, the condition precedent to Lady Kintore's exercise of the power of appointment was fulfilled.

The Probate Division of the Court of Common Pleas of Hamilton County, Ohio admitted both the 1967 document and the 1970 document to probate as the Last Will and Testament of Helena, Dowager Countess of Kintore, on August 2, 1978. The within action to contest the Will of Lady Kintore was instituted on November 30, 1978 by the filing of a complaint by the plaintiff-appellant, Trustees of the Diocese of Southern Ohio (Episcopal).[1]

---

[1] Based upon the factual fundament as it exists in the case *sub judice* it is a puzzlement why the capacity of plaintiff-appellant to bring the contest action was not questioned. Plaintiff-appellant's interest was only con-

tingent upon the default of Lady Kintore to exercise the power of appointment. She did not default in that exercise under the 1967 document against which there was no contest. With regard to the trust estate over which she had

The matter was subsequently tried on a stipulation of facts. The court dismissed the action holding that all necessary parties were not before the court by virtue of the fact that two of the named defendants, whose interest, if any, originated in the 1970 document, were dead before the action to contest was filed. The action was not commenced against the named defendants "if living, if dead, their unknown heirs, devisees, legatees or assigns" nor was there any substitution of parties for the deceased named legatees within the six months following admission to probate of the Last Will and Testament. In this appeal plaintiff-appellant assigns two errors:

"I. The trial court erred to the prejudice of plaintiff-appellant in dismissing the amended complaint.

"II. The trial court erred to the prejudice of plaintiff-appellant in denying plaintiff-appellant's motion for a new trial or for leave to file a second amended complaint."

I

Lady Kintore died in 1971. An action to contest her will is therefore governed by the provisions of R.C. Chapter 2741 as in effect prior to January 1, 1976. The legislation relating to actions to contest wills which became effective January 1, 1976 specifically limited its application only to estates resulting from deaths occurring on or after that date. In determining who are necessary parties in actions to contest a will reference must be had to the provisions of R.C. 2741.02. Among the list of necessary parties as contained in that section are all devisees, legatees, and heirs of the testator, and other interested persons. It is settled by decisions of the courts that all such necessary parties must be named and made parties to the action to contest a will within six months after its admission to probate. *Fletcher* v. *First National Bank* (1958), 167 Ohio St. 211 [4 O.O.2d 268]. The failure to do so is a jurisdictional issue. If a person is an "interested person" within the meaning of R.C. 2741.02 and that person is not present in the action, the trial court lacks jurisdiction to entertain the contest of the will. *Bazo* v. *Siegel* (1979), 58 Ohio St. 2d 353 [12 O.O.3d 318].

The Supreme Court of Ohio has determined that the phrase "a person interested in a will" as used in R.C. 2741.01 and the phrase "other interested persons" as used in R.C. 2741.02 providing who are necessary parties in such an action are identical in meaning. *Chilcote* v. *Hoffman* (1918), 97 Ohio St. 98. More recently the Supreme Court held that "a person interested" in a will is one who, at the time of commencement of the will contest action, has a direct, pecuniary interest in the estate which would be impaired or defeated if the instrument admitted to probate is a valid will. The court so held in a case involving the question of capacity of the plaintiff to bring an action to contest a will. *Steinberg* v. *Central Trust Co.* (1969), 18 Ohio St. 2d 33 [47 O.O.2d 154]. Following the reasoning of *Chilcote, supra,* one who, at the commencement of the will contest action, has a direct, pecuniary interest in the estate which would be impaired or defeated if the instrument admitted to probate is a valid will is a necessary party to such will contest action.

The trial court found that the unknown heirs, devisees, legatees or assigns of the two persons named as

---

the power to appoint she made (1) a specific appointment to a cemetery association (2) an appointment of one-half the balance to a religious society (not plaintiff-appellant) and (3) an appointment of the remaining one-half to her ex-

ecutors. Lady Kintore fully exercised her power of appointment; therefore, the contingent bequest to plaintiff-appellant contained in the Will of Eugene Zimmerman could never be effective.

beneficiaries in the 1970 document who died before the will contest action was filed were necessary parties to such action and their absence deprived the court of subject matter jurisdiction. We find this determination to be entirely consistent with the law of Ohio. The first assignment of error is overruled.

## II

In the second assignment of error plaintiff-appellant asserts that denial of the motion for a new trial or for leave to file a second amended complaint constitutes prejudicial error. We disagree.

The trial court properly found that it did not have subject matter jurisdiction. By the failure to include necessary parties within the period of six months, the right to contest the will itself was extinguished. The amended complaint was, in effect, a nullity because of the failure to name all necessary parties. It was therefore not error to refuse to permit a second amended complaint when there was no effective complaint in existence to be the subject of amendment. The sole reason advanced by plaintiff-appellant for the new trial is to permit the reception of evidence as to the identity of any such necessary non-parties in order to file a second amended complaint naming them as defendants. Having already determined that it would be impossible to amend the complaint and thereby revitalize the dead cause, a failure to grant a new trial as an aid to such amendment could not be prejudicial even if it be held erroneous. The second assignment of error is overruled.

All assignments of error having been overruled, the judgment of the court below is affirmed.

*Judgment affirmed.*

SHANNON, P.J., and PALMER, J., concur.