TRUBULAS, A.K.A TROUMBOULAS, ET AL., APPELLEES, *v.* DOLAND, APPELLANT, ET AL.; ESTATE OF MAKRIS ET AL.

IN RE ESTATE OF ZONAS.

(Nos. C-860141, C-860653 and C-860655—Decided August 12, 1987.)

*Frank & Dunlap* and *Armin*

*Frank,* for appellee George Trubulas in No. C-860141.

*John A. Lloyd, Jr.* and *Merlyn Shiverdecker,* for appellee village of Mexiates in No. C-860141.

*Simon, Namanworth & Bohlen Co., L.P.A., Steven E. Simon* and *Eli Namanworth,* for appellant Ernest Doland, former Executor of Estate of Steven K. Zonas, in No. C-860141.

*Simon, Namanworth & Bohlen Co., L.P.A.,* and *Steven E. Simon,* for appellants and cross-appellees Anninos, Namanworth and Simon in No. C-860653.

*James C. Cissell* and *Timothy A. Smith,* for appellants and cross-appellees Cissell, Smith, Farrish & Stanceu and John A. Wiethe in No. C-860655.

*McCaslin, Imbus & McCaslin* and *Robert J. Imbus, Jr.,* for appellee and cross-appellant Central Trust Company, Executor of the Estate of Steven K. Zonas, in Nos. C-860653 and C-860655.

KLUSMEIER, J. These three appeals arise from one will contest action. Our case Nos. C-860653 and C-860655 have been consolidated for purposes of record, argument and decision; case No. C-860141 has been consolidated with the others only for purposes of argument and decision. We will first address the merits of the will contest action (C-860141), and then turn to the appeals resulting from the applications for attorney fees.

## I

Steven K. Zonas ("Zonas") was a naturalized American citizen of Greek ancestry who died on December 24, 1980. Two purported wills were subsequently and successively offered for admission to probate. The first will, ex-

ecuted earlier in time, was admitted to probate and became known as the "Cincinnati will' because of its place of execution. Similarly, the second will, executed after the Cincinnati will, was referred to as the "Chicago will" because it was executed there. The Chicago will was admitted to probate as a later will and was the subject of the will contest action.

While the facts are not critical to the resolution of the procedural errors alleged by appellants, a brief background will be presented to aid in understanding this opinion. Under the Cincinnati will the bulk of Zonas's considerable estate would have been placed in trust to provide for the sick and underprivileged of the village of Mexiates, Greece, which was Zonas's birthplace.

Plaintiffs-appellees are the village of Mexiates and George Trubulas or Troumboulas ("Trubulas"). Trubulas was a nephew of Zonas and a beneficiary under the Cincinnati will. The defendant-appellant is Ernest Doland ("Doland") the executor under the Chicago will.[1]

Doland does not appeal from the jury's findings that the Chicago will was not the last will and testament of Steven Zonas. Rather, Doland claims that procedural errors committed prior to trial divested the probate court of its jurisdiction to hear the will contest action.

## A

Doland's first assignment, of his four somewhat repetitive assignments of error, is that the trial court erred in overruling his first motion to dismiss. In this motion, filed on May 12, 1982, Doland asserted three grounds for dismissal: (1) that the trial court lacked subject-matter jurisdiction of the will

---

[1] Initially defendants Demetrios Mallios and Nicholas Mitsotas appealed from the trial court, but they subsequently withdrew from this appeal.

contest action; (2) the complaint failed to state a claim upon which relief could be granted; and (3) the village of Mexiates was not a proper plaintiff because it was not a real party in interest.

The first contention Doland raises is that an affidavit filed by Trubulas to obtain service by publication pursuant to Civ. R. 4.4 was "factually defective." Doland claims, by way of an affidavit, that Trubulas had actual knowledge of some addresses for the defendants who were served by publication, and therefore service was defective and all necessary parties were not properly served within time.

The affidavit of Doland relied on by him was not attached to his motion to dismiss and was filed prior to the motion. The affidavit contains no certificate of service stating that it was served on the adverse parties. A hearing was held on the motion but no record of that hearing is contained in the record.

Thus, all we have before us are two conflicting affidavits. On the basis of the record before us, we have in effect nothing to pass upon, and we have no choice but to presume the validity of the lower court's proceedings and overrule Doland's claim.[2] *Knapp* v. *Edwards Laboratories* (1980), 61 Ohio St. 2d 197, 15 O.O. 3d 218, 400 N.E. 2d 384.

The next contention is again that the trial court was without subject-matter jurisdiction. Doland correctly notes that certain persons are listed as necessary parties to a will contest action in R.C. 2107.73.[3] Further, Doland notes that the statute of limitations period for a will contest is four months. R.C. 2107.76.[4] The argument is that unless all necessary parties are joined and served within the four-month period the probate court loses its subject-matter jurisdiction.

Had this case been brought under the predecessor to R.C. 2107.71 to 2107.76, Doland would be correct. Prior to January 1, 1976, will contests were subject to R.C. Chapter 2741, and it was well-settled in Ohio that the right to contest the validity of a will required the challenging party to name and join all the necessary parties named in R.C. 2741.02 within the six-month limitation period of R.C. 2741.09. Failure to comply operated to deprive the probate court of subject-matter jurisdiction. *Bazo* v. *Siegel* (1979), 58 Ohio St. 2d 353, 12 O.O. 3d 318, 390 N.E. 2d 807; *Fletcher* v. *First*

---

[2] Doland also claims Trubulas's deposition supports his claim, but the deposition is not sworn, and more importantly was not before the trial court when it overruled the motion to dismiss.

[3] R.C. 2107.73 states:
"Persons who are necessary parties to a will contest are as follows:
"(A) Any person designated in a will to receive a testamentary disposition of real or personal property;
"(B) Heirs who would take property pursuant to section 2105.06 of the Revised Code had the testator died intestate;
"(C) The executor or the administrator with the will annexed;
"(D) The attorney general as provided by section 109.25 of the Revised Code;

"(E) Other interested parties."

[4] R.C. 2107.76 states:
"If within four months after a will is admitted to probate, no person files an action to contest the validity of the will, the probate shall be forever binding, except as to persons under any legal disability, or to such persons for four months after such disability is removed. The rights saved shall not affect the rights of a purchaser, lessee, or encumbrancer for value in good faith, nor impose any liability upon a fiduciary who has acted in good faith, or upon a person delivering or transferring property to any other person under authority of a will, whether or not the purchaser, lessee, encumbrancer, fiduciary, or other person had notice, actual or constructive, of the legal disability."

*Natl. Bank* (1958), 167 Ohio St. 211, 4 O.O. 2d 268, 147 N.E. 2d 621; *Trustees of Diocese of Southern Ohio* v. *Gilchrist* (1981), 3 Ohio App. 3d 223; 3 OBR 254, 444 N.E. 2d 451.

However, on January 1, 1976, R.C. Chapter 2741 was repealed and R.C. 2107.71 to 2107.76 became effective, substantially altering will contest actions. R.C. 2107.72, which had no counterpart under R.C. Chapter 2741, provides: "The Rules of Civil Procedure govern all aspects of a will contest action, except as otherwise provided in sections 2107.71 to 2107.75 of the Revised Code."

The Supreme Court of Ohio has held that "[d]ue to the enactment of R.C. 2107.72, amendments may be made to plaintiff's complaint to join necessary parties to a will contest action. These amendments would, under Civ. R. 15(C), relate back to the date of the original filing." *State, ex rel. Smith,* v. *Court* (1982), 70 Ohio St. 2d 213, 24 O.O. 3d 320, 436 N.E. 2d 1005, paragraph two of the syllabus, approved and followed in *Smith* v. *Klem* (1983), 6 Ohio St. 3d 16, 6 OBR 13, 450 N.E. 2d 1171. Thus, joinder of the "necessary" parties is no longer jurisdictional but governed by the Civil Rules. *Marino* v. *Marino* (Sept. 8, 1983), Cuyahoga App. No. 45869, unreported.

Therefore, the statute of limitations in R.C. 2107.76 is not an absolute bar to a will contest action that does not name all the necessary parties of R.C. 2107.73. That section only bars a will contest when "no person" files such an action within four months after a will is admitted to probate.

An additional issue Doland raises in this assignment of error is that Christos George Trubulas, beneficiary under the Chicago will, and the son of plaintiff-appellant George Trubulas, was not properly served as a party-defendant. This contention was not raised in the trial court, and we will not review an issue which is raised for the first time on appeal. *Schade* v. *Carnegie Body Co.* (1982), 70 Ohio St. 2d 207, 24 O.O. 3d 316, 436 N.E. 2d 1001; *Coffey* v. *Shenk* (1974), 39 Ohio App. 2d 156, 68 O.O. 2d 352, 316 N.E. 2d 917.

Finally, Doland's last contention under this assignment is that the trial court erred in failing to dismiss the village of Mexiates because it lacked standing. Doland's theory is that the village had no direct pecuniary interest under the will because it was, at most, an unappointed trustee.

We need not reach this issue. Assuming *arguendo* that Doland is correct, the matter is harmless error. Doland does not contest the fact that Trubulas was a proper plaintiff, or that he filed a complaint within time. Whatever the court had ruled on the question of the standing of the village, the cause would have been heard, and Doland has failed to demonstrate that his substantial rights were affected. We will not reverse a judgment on the basis of any error that is harmless. Civ. R. 61; *Leichtamer* v. *American Motors Corp.* (1981), 67 Ohio St. 2d 456, 21 O.O. 3d 285, 424 N.E. 2d 568.

Accordingly, the first assignment of error is meritless and we overrule it.

## B

The second assignment of error presented by Doland alleges that the court erred in granting the plaintiffs' motion to amend their complaint.[5] Doland restates his argument regarding the subject-matter jurisdiction which we overruled *supra,* and he extends it to include the one-year period of Civ. R. 3(A). A civil action is "commenced" if service is obtained within one year of the filing of suit. Civ. R. 3(A). Doland claims that certain neces-

_____

[5] Doland is actually referring to the second amended complaint.

sary parties were not served within one year, and therefore the probate court lost jurisdiction of the cause.

The flaw in Doland's reasoning is that there was no one named in the amended complaint who was not named and served in the prior complaint. The only distinction in the two complaints is that the earlier complaint refers to a class of beneficiaries under the Chicago will as "[t]he unknown first cousins and their lineal descendents of decedent, Steven K. Zonas, deceased, address unknown." The subsequent complaint names four of the first cousins specifically, and "[t]he remaining first cousins and their lineal descendents * * *."

Doland is completely incorrect in his assertion that all necessary parties were not served. Those defendants whose addresses were unknown were served by publication pursuant to Civ. R. 4.4. Therefore the probate court was not divested of jurisdiction by a failure to commence the suit under Civ. R. 3(A). The second assignment of error is overruled.

### C

In his third assignment of error, Doland argues that the trial court erred in denying his second motion to dismiss. Doland claims Trubulas failed to make reasonable inquiry to determine the address of Marian Taylor, a beneficiary under the Chicago will. Taylor had been served by publication because Trubulas asserted her address was unknown. Doland contends Taylor's address was in the probate court's files, and Trubulas could have discovered her address with reasonable diligence.

Doland's argument defeats itself. The second motion to dismiss was filed on September 10, 1985. According to Doland the letter containing Taylor's address was filed with the probate court on August 19, 1981. The first motion to dismiss was filed May 12, 1982. Therefore, there is no reason why this claim of improper service could not have been included in Doland's first motion to dismiss as required by Civ. R. 12. As it was omitted from the first motion any error was waived pursuant to Civ. R. 12(G) and 12(H). *Hoover* v. *Sumlin* (1984), 12 Ohio St. 3d 1, 12 OBR 1, 465 N.E. 2d 377. The third assignment of error is overruled.

### D

The analysis of the third assignment also pertains to the fourth assignment of error. Doland claims in this assignment the court erred in overruling his third motion to dismiss. Doland again advances the theory that failure to join and serve necessary parties deprived the court of subject-matter jurisdiction. As discussed *supra,* this contention is incorrect.

All of Doland's other claims in the third motion to dismiss center around lack of proper service. From reviewing the record, it is patent that Doland raised no issues in his third motion which could not have been raised in at least the second motion to dismiss; therefore they are waived. Civ. R. 12(G) and 12(H); *Hoover* v. *Sumlin, supra.* The fourth assignment is overruled.

### II

The second part of this appeal arises from the fee applications of attorneys Anninos, Namanworth and Simon ("Anninos group"), who represented the former executor Doland in the will contest action, and attorneys Cissell, Smith, Farrish, Stanceu and John A. Wiethe ("Cissell group"), who represented two of the beneficiaries under the Chicago will.

### A

Both the Anninos group and the Cissell group claim attorney fees pur-

suant to R.C. 2107.75. That statute reads as follows:

"When the jury or court finds that the writing produced is not the last will and testament or codicil of the testator, the trial court shall allow as part of the costs of administration such amounts to the fiduciary and to the attorneys defending such purported last will or purported codicil as the trial court finds to be reasonable compensation for the services rendered in such contest. The court shall order such amounts to be paid out of the estate of the decedent."

In a separate proceeding, the trial judge found that Doland had attempted to perpetrate a fraud on the court by attempting to have a fraudulent will admitted to probate.

The trial judge stated further that were it not for this court's decision in *Logeman* v. *Wagner* (1966), 7 Ohio App. 2d 48, 36 O.O. 2d 124, 218 N.E. 2d 761, he would have allowed the Anninos group nothing in the way of attorney fees because of the fraud of their principal. The judge therefore did allow the Anninos group the $21,700.04 previously paid to it as a reasonable fee that he felt obligated to award under his interpretation of *Logeman, supra.*

Regarding the Cissell group, the judge denied any attorney fees holding that by entering into a contingent fee contract with two beneficiaries under the Chicago will, the Cissell group contracted away its rights to fees under R.C. 2107.75.

Finally a cross-appeal is made by the named executor under the Cincinnati will, the Central Trust Company ("Central Trust"). The cross-appeal asks us specifically to overrule *Logeman* v. *Wagner, supra,* and order the Anninos group to return the attorney fees awarded.

We find that *Logeman, supra,* is not a proper interpretation of the statute. To the extent that *Logeman, supra,* appears to require an award of attorney fees simply because a will contest took place, it is overruled. The proper interpretation of the statute is that the probate court has the discretion to determine the reasonable value, if any, of the services of an executor or attorney defending a purported will, based on all the facts and circumstances of the particular case. It is inconceivable that the General Assembly's intent was to allow fees merely because someone filed a will contest action and a trial happened to take place, without regard for the good faith of the persons defending such purported will.

Therefore, we reverse the determination of the fees awarded to the Anninos group and remand for a determination under the proper standard as set out in this opinion.

We also reverse as to the Cissell group's claim because a contract for *winning* a will contest case cannot waive a statutory right to an award upon *losing* the case. See *In re Estate of Teopas* (1960), 116 Ohio App. 506, 22 O.O. 2d 322, 188 N.E. 2d 616. Therefore, the Cissell group's claim is remanded for determination of an award consistent with the standard set forth in this opinion.

In conclusion, we sustain the Anninos group's three assignments of error and the Cissell group's sole assignment of error in the sense that each assignment protests that the trial court applied an incorrect standard, under R.C. 2107.75, in determining the amount of attorney fees in will contest cases. We agree that the court applied an incorrect standard based upon *Logeman, supra,* which we herein overrule as we have previously noted. We reverse and remand the causes to the probate court for a determination of what amount, if any, is a reasonable fee to be awarded pursuant to R.C.

2107.75 under all the facts and circumstances of this case.

## B

Central Trust, as cross-appellant, presents three assignments of error. In the first, Central Trust argues that the trial court's denial of fees beyond what it had awarded the Anninos and Cissell groups was without error. This assignment of "no error" is subsumed in our decision, *supra,* and accordingly, we overrule it.

Secondly, Central Trust argues that the trial court erred in awarding the Anninos group anything. Here it is urged that *Logeman, supra,* should be overruled and we should order the return of the fees awarded to the Anninos group. As we have reversed and remanded the fee determination to the trial judge for a determination under the standard we announce today, we cannot find merit to this assignment of error. It might be that Central Trust, as executor, would have an action against the Anninos group if the court should determine on remand that the fees should be less than the amount previously awarded. We overrule Central Trust's second assignment of error.

Finally, Central Trust argues that the trial court erred in excluding transcripts of expert witness testimony offered at the will contest action. Expert testimony may be accepted when it is necessary to assist the trier of fact, but its admission rests largely in the discretion of the trial judge. *Berry* v. *Motorists Mut. Ins. Co.* (1983), 13 Ohio App. 3d 228, 13 OBR 280, 468 N.E. 2d 922; *Dickman* v. *Struble* (1957), 104 Ohio App. 44, 4 O.O. 2d 88, 146 N.E. 2d 636. We find no abuse of discretion, especially where, as here, the same judge sat in both the will contest trial and the fee application proceedings. *Pembaur* v. *Leis* (1982), 1 Ohio St. 3d 89, 1 OBR

125, 437 N.E. 2d 1199. The third assignment is overruled.

## III

We affirm the decision of the trial court with respect to the will contest case, Hamilton App. No. C-860141.

We reverse and remand the attorney fees applications for proceedings consistent with this decision, Hamilton App. Nos. C-860653 and C-860655.

*Judgment accordingly.*

DOAN and UTZ, JJ., concur.