[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This appeal comes to us from a judgment issued by the Ottawa County Court of Common Pleas, Probate Division in a will contest case. Because we conclude that the trial court erred in dismissing appellant's case, we reverse.
On November 22, 1996, appellant, Robert Kocis, filed a complaint to contest decedent Karl Kocis's will which had been admitted to probate on August 20, 1996. The suit named appellee, Francis Chorba, as a defendant, both in his capacity as executor and as an heir-at-law.
On April 24, 1997, Chorba moved to dismiss appellant's complaint, alleging lack of jurisdiction for failure to join all necessary parties. On April 25, 1997, appellant moved for leave to file an amended complaint for the purpose of adding two parties to the suit: appellees Phyllis Michalak and Carl Kocis III, grandchildren of the decedent. On April 29, 1997, the probate court served notice of the filing of the amended complaint on Chorba and both grandchildren. The grandchildren filed a joint answer to the complaint on June 24, 1997.
On June 27, 1997, the trial court denied appellant's motion to file an amended complaint and granted appellee Chorba's motion to dismiss.
Appellant now appeals that decision, setting forth the following three assignments of error:
 "I Defendant waived any objection to the failure to add necessary parties by failing to raise it as an affirmative defense.
 "II Adding an additional party is procedural, not jurisdictional.
"III Trial court erred in reversing its own decision."
 I.
We will first discuss appellant's third assignment of error. In that assignment, appellant argues that the trial court erred in reversing its own decision to permit the amendment of the complaint.
A court speaks only through its judgment entries. Statev. Mincy (1982), 2 Ohio St.3d 6, 8. In this case, although somewhat confusing and judicially inefficient, service of the amended complaint was made prior to the trial court's determination and filing of its judgment entry on appellant's motion for leave to amend his complaint. Contrary to appellant's suggestion, the summons issued by the clerk of courts as to the amended complaint did not constitute a decision or judgment entry but merely served as notice to the parties. Therefore, the trial court did not reverse its own decision.
Accordingly, appellant's third assignment of error is not well-taken.
 II.
In appellant's second assignment of error, he argues that the trial court erred in determining that the failure to include all necessary parties on the original complaint was fatal to appellant's case.
The Supreme Court of Ohio has held that, due to the enactment of R.C. 2107.72,
 "[i]n a will contest action, amendments may be made to a complaint to join necessary parties pursuant to Civ. R. 15. Such amendments, under Civ. R. 15(C), relate back to the date of the original filing. (Paragraph two of the syllabus of State, ex rel. Smith, v. Court, 70 Ohio St.2d 213
* * *, approved and followed.)" Smith v. Klem
(1983), 6 Ohio St.3d 16, syllabus.
Thus, joinder of "necessary" parties in will contest actions, is no longer jurisdictional, but governed by the Civil Rules.Trubulas v. Doland (1987), 39 Ohio App.3d 62, 65, reversed on other grounds, 42 Ohio St.3d 8. As a result, the four month statute of limitations in R.C. 2107.76 does not operate to absolutely bar a will contest action that does not originally name all the necessary parties of R.C. 2107.73. Smith v. Klem, supra
at 17; Trubulas, supra; Weaver v. Donnerburg (1985), 26 Ohio App.3d 112,114-115. When determining whether to grant leave to amend the complaint, the trial court must consider the requirements set forth in Civ.R. 15(C). Weaver v. Donnerburg,supra at 115.
In this case, the trial court properly noted that Smithv. Klem permitted the amendment of the complaint to include necessary parties. Nevertheless, the trial court, quite understandably, relied upon this court's recent case of Loyer v.Loyer (September 30, 1996), Huron App. No. H-96-027, unreported, which is factually on point, and determined that Civ.R. 15(C) did not permit the amendment of the complaint to include "additional" parties, but only a "change" of parties. However, in light of the ruling in Smith v. Klem, supra, we conclude that Loyer v. Loyer,supra was clearly erroneous and overrule it.
Therefore, since the trial court did have jurisdiction to amend the complaint pursuant to Civ.R. 15(C), it was error for the court to conclude otherwise.
Accordingly, appellant's second assignment of error is well-taken.
Because of our ruling concerning appellant's second assignment of error, we determine that appellant's first assignment of error is moot.
The judgment of the Ottawa County Court of Common Pleas, Probate Division, is reversed and remanded for proceedings consistent with this opinion. Court costs of this appeal are assessed to appellees.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ George M. Glasser, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
CONCUR.