OPINION
{¶ 1} This is an appeal from the Probate Court's adoption of a magistrate's findings granting a motion to remove an executor of an estate.
 {¶ 2} Thelma Levy died on June 29, 2002. Her will nominated Joni Thompson to be the executrix of her estate, and devised one-half of her estate to Thelma Levy's son, Dr. Jan Levy.
 {¶ 3} The will was admitted to probate court and Joni Thompson was appointed executor of the estate. On December 2, 2003, Dr. Levy filed a Motion for Removal of Executrix. He alleged that Thompson had closed two bank accounts owned by the estate and placed the deposits she obtained into accounts solely in her name. Levy maintained that these deposits were property of the estate. He also offered proof that he had filed a separate civil action to recover the lost funds.
 {¶ 4} The magistrate heard arguments in support and against the motion, and subsequently ordered Joni Thompson removed as executrix pursuant to R.C. 2113.18. Thompson filed objections to the magistrate's decision. The Probate Court overruled her objections and adopted the decision of the magistrate. Thompson filed a timely notice of appeal.
 {¶ 5} Appellant's First Assignment of Error
 {¶ 6} "The trial court erred in basing its decision to remove Joni Thompson as executor of the estate on O.R.C. § 2113.18 instead of basing its decision on O.R.C. § 2109.24, under which there was no reason to remove Joni Thompson as executrix."
 {¶ 7} Appellant's Second Assignment of Error
 {¶ 8} "The trial court erred in basing its decision to remove Joni Thompson as executor of the estate on O.R.C. § 2113.18 because there was no notice to the parties that this section was being considered as a basis for decision."
 {¶ 9} Thompson argues that the trial court erred when it applied R.C.2109.24 rather than R.C. 2113.18 in ordering her removed. Each of her two assignments of error outlines a separate argument for this contention.
 {¶ 10} R.C. 2113.18, entitled "Removal of Executor or Administrator," provides that "[t]he Probate Court may remove any executor or administrator if there are unsettled claims existing between him and the estate, which the Court thinks may be the subject of controversy or litigation between him and the estate or persons interested therein."
 {¶ 11} R.C. 2109.24 provides that a court may remove a fiduciary for "habitual drunkenness, neglect of duty, incompetence, or fraudulent conduct, because the interest of the trust demands it."
 {¶ 12} Addressing her second assignment of error first, Thompson argues that because the parties had relied on R.C. 2109.24 in support of and opposition to the motion, the trial court was constrained to apply only that statute in reaching its decision. This simply cannot be the case.
 {¶ 13} So long as a party's motion sets out the relief requested and outlines the proper grounds for that relief, it is a fundamental principle of jurisprudence that courts have broad discretion to apply all applicable regulations, statutes, and/or case law to resolve the issue before them. The Probate Court was not constrained to apply only the statute briefed by the parties, and we decline to impose such a limitation.
 {¶ 14} In her first assignment of error, Thompson argues that the trial court abused this discretion when it relied on R.C. 2113.18 rather than R.C. 2109.24 to remove her. She asserts that, had it resolved the case under R.C. 2109.24, the court would have found no grounds for removal. She also argues that, with respect to the claims in the separate civil action commenced by Dr. Levy, she acted in good faith, on the advice of both the estate's attorney and the bank which held the accounts.
 {¶ 15} As discussed above, courts have wide discretion to apply the law to resolve the cases before them. Abuse of discretion is more than an error in judgment, it requires an action by the court that is arbitrary or unreasonable. State ex rel. Verhovec v. Mascio (1998),81 Ohio St.3d 334, 336, 1998-Ohio-431.
 {¶ 16} Both R.C. 2113.18 and 2109.24 might apply in this instance. Levy's motion identifies the parallel civil action to recover the funds allegedly taken from the estate's bank accounts. The motion also contains copies of the complaint along with copies of canceled checks which identify Thompson as the person who allegedly withdrew the funds. There is a sufficient basis for the Probate Court to find that there was pending litigation between Thompson and a person interested in the estate, Dr. Levy, which are sufficient grounds for removal of an executor pursuant to R.C. 2113.18. There is nothing arbitrary or unreasonable about the finding. Id. The Probate Court acted within its discretion when it applied R.C. 2113.18 to provide the relief sought in Dr. Levy's motion.
 {¶ 17} Appellant's first and second assignments are overruled.
 {¶ 18} The judgment of the Probate Court is affirmed.
Brogan, P.J. and Fain, J., concur.