[Cite as *In re Estate of Miller*, 2010-Ohio-6381.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

IN THE MATTER OF:

    THE ESTATE OF

ELIZABETH A. MILLER,

    [ROSANNA MILLER -
    APPELLANT].

CASE NO.  8-10-12

**O P I N I O N**

Appeal from Logan County Common Pleas Court
Probate Division
Trial Court No. 08 ES 260

**Judgment Affirmed**

**Date of Decision:   December 27, 2010**

APPEARANCES:

    *Grant A. Wolfe*  for Appellant

    *Steven R. Fansler*  for Appellee, Clair R. Miller

    *James R. Miller,* Appellee

Case No. 8-10-12

**WILLAMOWSKI, P.J.**

{¶1} Appellant Rosanna L. Miller ("Rosanna") brings this appeal from the judgment of the Court of Common Pleas of Logan County, Probate Division, denying her motion to have appellee Clair R. Miller ("Clair") removed as executor of the estate of Elizabeth A. Miller. For the reasons set forth below, the judgment is affirmed.

{¶2} On November 24, 2006, Elizabeth A. Miller fell down her basement steps and died. Rosanna filed a petition to be named guardian of Clair, her father and the husband of Elizabeth, alleging that he was incompetent. The matter was assigned case number 07-GI-01. Numerous hearings were held on the matter and volumes of materials were filed by Rosanna, Clair, Rosanna's siblings James, Ellen, Nancy, and Kathy, and other extended family members. On October 31, 2008, prior to the ruling by the trial court on her petition, Rosanna proceeded to file a copy of Elizabeth's last will and testament, an application to probate the will, and an application to be named executrix of the estate. The will provided as follows:

> **I hereby nominate and appoint Clair R. Miller as my Personal Representative under this, my Last Will. If for any reason such person fails to qualify, or is unable or unwilling to serve as my Personal Representative, I nominate and appoint Rosanna L. Miller as my Personal Representative * * *.**

Elizabeth A. Miller Will, 3. On February 10, 2009, Clair filed his own motion to be named as executor of the estate and stated that he had priority in the right to administer the estate. Clair indicated to the trial court that he was both willing and able to serve as executor. The matter was stayed pending the outcome of the guardianship proceedings. On September 2, 2009, the trial court entered judgment denying the guardianship and finding that Clair was legally competent.[1] The trial court subsequently named Clair as the executor of Elizabeth Miller's estate on October 27, 2009.[2]

{¶3} On January 19, 2010, Rosanna filed a motion to have Clair removed as executor and herself named as his replacement alleging two reasons: 1) Clair was incompetent and 2) Clair refused to pursue a wrongful death suit against James for the death of Elizabeth. Clair filed his response to Rosanna's motion on February 2, 2010. On May 4, 2010, a hearing was held on the matter. The trial court entered judgment denying Rosanna's motion on June 16, 2010. Rosanna appeals from this judgment and raises the following assignments of error.

**First Assignment of Error**

**The Probate Court erred by failing to take judicial notice of, and/or otherwise considering the statements of expert evaluation and/or reports of court ordered psychological**

[1] Rosanna appealed this judgment to this court. On May 17, 2010, this court affirmed the judgment of the trial court in case number 8-09-20. *In re Guardianship of Clair R. Miller*, 187 Ohio App.3d 445, 2010-Ohio-2159, 932 N.E.2d 420. The case was appealed to the Ohio Supreme Court, but the court declined to hear it. *In re Guardianship of Clair R. Miller*, 126 Ohio St.3d 1598, 2010-Ohio-2159, 935 N.E.2d 45.
[2] After the guardianship was concluded, the trial judge removed himself from the estate proceedings and a different judge was appointed on October 19, 2009.

**professionals, Dr. John Tilley, Dr. David Tennenbaum, and Mary Newkirk, Probate Court Investigator, when it decided whether to remove the executor, [Clair], pursuant to [R.C. 2109.24].**

### Second Assignment of Error

**The Probate Court's decision to deny [Rosanna's] motion to remove executor pursuant to [R.C. 2109.24] was erroneous, against the manifest weigh (sic) of the evidence and an abuse of discretion.**

### Third Assignment of Error

**The Probate Court erred by failing to take judicial notice of, and/or otherwise considering the pleadings and other documents filed of record in a related pending wrongful death case when it decided whether to remove the executor, [Clair], pursuant to [R.C. 2113.18(B)].**

### Fourth Assignment of Error

**The Probate Court's decision to deny [Rosanna's] motion to remove executor pursuant to [R.C. 2113.18(B)] was erroneous, against the manifest weigh (sic) of the evidence and an abuse of discretion.**

### Fifth Assignment of Error

**The Probate court's journal entry approving the executor's inventory and appraisement was erroneous, against the manifest weigh (sic) of the evidence and an abuse of discretion.**

### Sixth Assignment of Error

**The Probate Court's judgment entry approving the Executor's certificate of termination and discharging the executor was erroneous, against the manifest weigh (sic) of the evidence and an abuse of discretion.**

{¶4} In the first and third assignments of error, Rosanna alleges that the trial court erred by not considering the psychological evaluations of her father that were completed for the guardianship hearings and by not considering the pleadings and documents filed in a wrongful death case filed by Rosanna in case No. CV08-11-0614 when determining whether Clair was competent to serve as executor of the estate.

> **A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.**

Evid.R. 201. Generally, a court may not take judicial notice of prior proceedings, even when the same parties are involved. *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516. "The rationale for these holdings is that when judicial notice is taken of prior proceedings, such prior proceedings are not part of the record as defined in App.R. 9, and whether the trial court correctly interpreted such prior proceedings is not reviewable by the appellate court." Id. at ¶7 (quoting *Phillips v. Rayburn* (1996), 113 Ohio App.3d 374, 379, 680 N.E.2d 1279). "[T]his prohibition is especially applicable when a court attempts to review testimony from a prior case." *Hutz v. Gray*, 11th Dist. No. 2008-T-0100, 2009-Ohio-3410, ¶36. However, the trial court may consider its prior docket as long as it is being used to determine what was filed, not the

truthfulness of the items filed. Id. See also *State ex rel. Coles v. Granville*, 116 Ohio St.3d 231, 2007-Ohio-6057, 877 N.E.2d 968 and *Indus. Risk Insurers v. Lorenz Equip. Co.* (1994), 69 Ohio St.3d 576, 635 N.E.2d 14.

{¶5} In this case, Rosanna wished to have the trial court take judicial notice of the psychological reports of the expert witnesses in the guardianship proceeding. However, Rosanna did not subpoena the experts to testify at this hearing. The results of the psychological evaluations of Clair are not generally known facts nor are they capable of accurate and ready determinations by sources whose accuracy cannot be questioned. Thus, they do not meet the requirements for judicial notice. Additionally, they were being offered to prove the alleged fact that Clair lacked competency to serve as executor. Thus, the reports are testimonial evidence presented in a different case and the trial court may not take judicial notice of them. The first assignment of error is overruled.

{¶6} Rosanna also wanted the trial court to take judicial notice of the complaint and documents filed in a wrongful death case she filed when she was the applicant to be executor of the estate of Elizabeth Miller. Although the trial court could consider that a wrongful death suit was filed by Rosanna, especially since she testified to such, it could not consider the pleadings that were filed in that case. Rosanna did not testify to the contents of those pleadings and documents at the hearing in this case. The facts allegedly in those documents

were not common knowledge in the territory and were not from a source whose accuracy is above question. In fact, the complaint that was filed contained mere allegations made by Rosanna, not facts. The truthfulness of the allegations was never determined. Since the requirements for judicial notice of the complaint was not met, the trial court did not err in failing to take judicial notice of them. The third assignment of error is overruled.

{¶7} Rosanna alleges in her second assignment of error that the trial court's judgment that Clair was competent to serve as executor was against the manifest weight of the evidence. "The court may remove any fiduciary * * * for habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct * * *." R.C. 2109.24. An abuse of discretion standard of review is applied to a Probate Court's decision to remove or not remove an executor from an estate. *In re Estate of Levy*, 2d Dist. No. Civ.A. 20509, 2005-Ohio-446. In order for this court to reverse the judgment of the trial court, Rosanna would need to show that the trial court's judgment was arbitrary or unreasonable. Id.

{¶8} In support of her assignment of error, Rosanna points to evidence from the hearing. The trial court could not consider the psychological reports, as discussed above, and did not err by failing to do so. The trial court did consider all of the additional evidence to which Rosanna cites.

> **In reviewing the evidence, the court finds that Attorney William Goslee testified that he had represented Clair and Ann Miller**

several years prior to the death of Ann in a couple of lawsuits. He testified that the lawsuits were managed by Ann Miller, and that Clair did not seem to pay attention to the matters. He also testified that in conversations, Clair was not always "there". This evidence is both stale, as Goslee has not had contact with Clair Miller in several years, and even if current, did not indicate that Miller was incompetent as defined herein.

Clair Miller testified. He admitted that he has vision impairment and that he can't read any written materials. He testified at length as to his present condition and his assets and his awareness of the current proceedings. He admitted that he had little understanding of the legal process, but explained that's why he hired an attorney. While his answers were sometimes a little fuzzy, the court determines that the answers were appropriate and did not indicate that he was incapable of taking proper care of himself or his property.

The movant, Rosanna Miller testified that she has observed her father "from time to time," and that she believes that her father is unaware of what is going on around him. She also admitted in testimony that she had turned her father into the BMV, causing his drivers' license revocation. And she admitted that she had filed a complaint against him for having junk vehicles. She acknowledged that she had entered her father's home and removed at least $173,000 from his safe and that she had put her name on his bank accounts in December 2006. She acknowledged that she contested Clair's appointment as executor of the estate and filed an application for herself to be appointed. It is clear that there is animosity between Clair and Rosanna, and because of this, the court finds her testimony as to his mental health to be self-serving and not credible. Furthermore, it is contrary to the observations of the court during the testimony of Clair Miller.

For these reasons, the court finds that the movant, Rosanna Miller has failed to establish that Clair Miller is incompetent, and the motion to remove will not be granted on this basis.

June 16, 2010 Entry, 4-5. The trial court considered all of the evidence before it and set forth its reasons for its ruling. Since the evidence supports those reasons, the judgment is not against the manifest weight of the evidence and the second assignment of error is overruled.

{¶9} The fourth assignment of error claims that the trial court erred by not removing Clair as executor pursuant to R.C. 2113.18(B) when he refused to file a wrongful death suit for the death of Elizabeth Miller.

> **(B)    The probate court may remove any executor * * * upon motion of the * * * children * * * of the deceased person whose estate is administered by the executor * * * if both of the following apply:**
>
> **(1)    The executor * * * refuses to bring an action for wrongful death in the name of the deceased person;**
>
> **(2)    The court determines that a prima-facie case for a wrongful death action can be made from the information available to the executor * * *.**

R.C. 2113.18(B).    A prima facie case is "a case sufficient on its face, being supported by at least the requisite minimum of evidence, and being free from palpable defects." Barrons Law Dictionary (3 Ed. 1991), 370. This generally means that enough evidence has been presented to allow a reasonable juror to reach a conclusion favorable to the plaintiff. Id.

{¶10} Rosanna argues that since she filed a case while her application to be executor of Elizabeth Miller's estate was pending, Clair was aware of

sufficient information to be required to file a wrongful death action. However, a review of the record in this case indicates no evidence to support her claim that a prima-facie case has been made. The sole evidence she introduced, besides her steadfast belief that her mother's death was not accidental, was the testimony of Detective Sebring of the Bellefontaine Police Department. Detective Sebring testified that he received a complaint from Rosanna about her suspicions concerning her mother's death. He investigated but made no determination concerning probable cause. He forwarded the information to the county prosecutor for the determination as to whether charges should be filed. As of the date of the hearing, the investigation was still open, but no charges were filed. None of the evidence presented indicates that there is anything more than suspicions. This does not reach the level of a prima facie case. Thus, the trial court did not err in denying the motion to remove Clair as executor for his failure to file a wrongful death claim. The fourth assignment of error is overruled.

{¶11} In the fifth assignment of error, Rosanna alleges that the trial court erred by approving the inventory and appraisement filed by Clair as executor. Initially, this court notes that Rosanna did not file an objection to the inventory when it was filed and no hearing on objections was held. Thus, the trial court has not had an opportunity to review these objections.

{¶12} Rosanna first argues that the trial court erred because Clair failed to serve his children with notice of the filing of the inventory and the hearing date. The only party entitled to notice of the taking of the inventory is the surviving spouse. R.C. 2115.04. However, R.C. 2115.16 states that the executor "may serve notice of the hearing [on the inventory] * * * upon any person who is interested in the estate." This court has previously held that this statute makes the duty of the executor to serve notice on the hearing of the inventory discretionary. See *Estate of Heffner v. Cornwall*, 3d Dist. No. 10-03-06, 2003-Ohio-6318, ¶6. A "person interested" has been defined as one who has a direct, pecuniary interest in the estate. See *Bazo v. Siegel* (1979), 58 Ohio St.2d 353, 390 N.E.2d 807 and *Chilcote v. Hoffman* (1918), 97 Ohio St. 98, 119 N.E. 364. The will provides that all of the estate was to be distributed to the trustee of the Miller Living Trust.[3] Since Clair was the trustee of the trust, he, in his capacity as trustee, inherited all of the estate. Rosanna, thus, had no direct pecuniary interest in the estate and was not a person interested in the estate who might be entitled to notice if the executor chooses to give it.

{¶13} Rosanna also argues that the trial court erred by accepting the inventory when there were additional assets that were not included. During the hearing, Rosanna testified that there were additional bonds, insurance policies and

---

[3] In fact, the will specifically states that Elizabeth leaves "nothing to any other relative, friend, or person, it being my intention that my entire estate shall pass as a part of the above-mentioned Trust." Will, 3.

vehicles that belonged to Elizabeth that were not included. However, she provided no evidence that these assets were probate assets. She did not testify that any of the insurance policies were payable to the estate rather than a beneficiary, which would make them non-probate assets. The evidence she provided on the vehicles indicate that one of them was owned by the trust, and is thus not a probate asset, and the other was owned by a "private owner." There was also no evidence presented that the bonds were probate assets. In contrast, Clair claimed that all personal assets had already been transferred to the trust, the real estate was joint with rights of survivorship, one vehicle in question was transferred to Clair as the surviving spouse pursuant to statute, and the other lacked any value. Based upon the lack of evidence showing that any probate assets were excluded from the inventory, the trial court did not err in accepting the inventory. Even if the trial court had erred, Clair, as trustee, was the sole beneficiary. Rosanna has not provided any evidence that she would suffer any prejudice from any error. Thus any error is harmless as it applies to Rosanna. The fifth assignment of error is overruled.

{¶14} Finally, Rosanna alleges that the trial court erred by approving the certificate of termination and discharging Clair as executor. Rosanna bases this assignment of error solely upon the claimed improper inventory and the trial court's alleged error in not removing Clair as executor. This court has already

addressed these errors and found no prejudicial errors. Thus, the sixth assignment of error is also overruled.

{¶15} The judgment of the Court of Common Pleas of Logan County, Probate Division is affirmed.

*Judgment Affirmed*

**ROGERS and PRESTON, J.J., concur.**

**/jlr**