## State v. Decker
*[Cite as 7 AOA 123]*

*Case No. 725*
*Highland County, (4th)*
*Decided September 5, 1990*

*Eugene A. Pyle, Hillsboro, Ohio, for Appellant.*

*Fred J. Beery, City Law Director, Hillsboro, Ohio, for Appellee.*

HARSHA, J.

This is an appeal from a judgment of conviction and sentence entered upon a jury verdict by the Hillsboro Municipal Court finding Joseph W. Decker, defendant-appellant, guilty of driving while intoxicated in violation of R.C. 4511.19(A) (1), a misdemeanor of the first degree.

Appellant assigns the following errors:

"I. The court overruled to (sic) Defendant's motion to dismiss at the conclusion of the state's case.

"II. The Court instruction to the jury as to the meaning of the word 'Operate' as being too broad a meaning."

On September 29, 1988, a complaint in the form of a uniform traffic ticket was filed charging appellant with operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1). The complaint noted that although appellant's residence was located in Bainbridge, Ohio, the offense occurred in Hillsboro, Ohio. Appellant entered a plea of not guilty to the charge, and on April 27, 1989, a jury trial was held at which the following pertinent evidence was adduced.

On September 26, 1988, at approximately 1:40 A.M., Highland County Deputy Sheriff Ronald Ward noticed a Dodge pickup truck parked in the 100 block of North High Street in Hillsboro, in a parking space in front of the Masonic Lodge. The pickup truck had its headlights on, although the lights were fairly dim. Additionally, the pickup truck was one of only a very few vehicles on the street at that time.

According to Deputy Sheriff Ward's testimony, appellant was sitting on the driver's side of the vehicle with the upper part of his body passed out on the passenger side, the keys to the vehicle in the ignition in the "on" position, the vehicle was not running, and appellant had a very strong odor of alcohol about his person. After appellant was awakened by Deputy Sheriff Ward, he refused to answer any questions and further refused to take an intoxilizer breath alcohol test. Deputy Sheriff Ward testified that, in his opinion, appellant was under the influence of alcohol at the time of his arrest.

Deputy Sheriff Ward further testified that be did not know how the pickup truck got to the parking spot, that the vehicle's battery may have been weak because of the dim lights, and that he did not know whether the pickup truck was capable of being driven. Hillsboro City Patrolman Robert Williams testified that he did not know whether the truck was capable of being started or not. At the conclusion of appellee's case, appellant moved to dismiss the case pursuant to Crim. R. 29(A) on the basis that appellee had failed to prove that appellant had "operated" the vehicle.. The trial court overruled appellant's motion, and appellant chose not to present evidence.

The trial court instructed the jury, over appellant's objection, in pertinent part as follows:

"The term operate is broader than the act of driving. It includes not only a person being in control of a vehicle while the vehicle is in

motion but also a person, whether conscious or unconscious, in the driver's location in the front seat of a stationary vehicle so as to be capable of doing any act or succession of acts which could cause or contribute to the vehicle being put in motion. It is not necessary to prove the person in the driver's location of a stationary vehicle intended to set the vehicle in motion."

The jury found appellant guilty as charged in the criminal complaint. On June 22, 1989, the trial court entered a judgment upon the jury verdict, sentencing appellant to 180 days in jail with 150 days suspended upon certain conditions, fined appellant $1,000, and suspended his driver's license for a period of two years.

Appellant's first assignment of error asserts that the trial court erred in overruling his motion to dismiss at the conclusion of the state's case, and appellant's second assignment of error asserts that the trial court erred in utilizing an overly broad instruction regarding the term "operate." In that appellant's assignments of error are interrelated and are not separately argued on appeal, we shall consider both jointly.

R.C. 4511.19 provides in part as follows:

"(A) No person shall *operate* any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:

"(1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;" (Emphasis added.)

The paramount issue before this court is whether the conduct of appellant in the instant case, i.e. asleep or passed out in a vehicle with the lower part of his body behind the steering wheel and the upper part of his body on the passenger side of the vehicle, keys in the ignition in the "on" position, headlights turned on, and engine not running, was sufficient to sustain a conviction for operating a motor vehicle while under the influence of alcohol as proscribed by R.C. 4511.19(A) (1). In this regard, each case involving operating a motor vehicle while under the influence of alcohol must be decided upon its own particular and peculiar facts. *Mentor v. Giordano* (1967), 9 Ohio St. 2d 140, 146.

The Supreme Court of Ohio, in *State v. Cleary* (1986), 22 Ohio St. 3d 198, held at paragraph one of the syllabus as follows:

"Operation of a motor vehicle within the contemplation of R.C. 4511.19(A) is a broader term than driving and a person in the driver's position in the front seat of the vehicle with the key in the ignition while under the influence of alcohol or any drug of abuse can be found in violation of the statute."

The *Cleary* court went on to hold that under the facts in that case, i.e. entering a motor vehicle, putting the key in the ignition and starting and engaging the engine in a stationary position are sufficient acts to constitute operation within the meaning of R.C. 4511.19(A)(1). *Id.*, at paragraph two of the syllabus. Appellant argues that the *Cleary* holding, and particularly the language of paragraph one of the syllabus, should be confined to the facts of that case, i.e. since the engine was not running in this case, appellant was.not "operating" the vehicle.

Section 525.19(A)(1) of the Ohio Jury Instructions appears to have adopted the broad language of Cleary's paragraph one of the syllabus by providing as follows:

"The term operate is broader than the act of driving. It includes not only a person being in control of a vehicle while the vehicle is in motion but also a person, whether conscious or unconscious, in the driver's location in the front seat of a stationary vehicle so as to be capable of doing any act or succession of acts which could cause or contribute to the vehicle being put in motion. It is not necessary to prove the person in the driver's location of a stationary vehicle intended to set the vehicle in motion."

The broad definition of the term "operate" is essential to achieve the legislative purpose of the statute, discouraging those who have consumed too much alcohol from undertaking the operation of motor vehicles. *Cleary, supra* at 199-200; *State v. Schumacher* (1990), Gallia App. No. 89CA2, unreported, p. 4. As noted by appellant, *Cleary's* extension of the definition of the term "operate" to include a person in the driver's seat of a vehicle with the keys in the ignition and the motor not running has not been without criticism:

"To extend this principle, however, to the individual in the driver's seat of the stationary vehicle who merely has an ignition key in his possession and is potentially capable of activating, at some future time, the mechanical and/or electrical agencies of the vehicle seems to be overreaching. The word operation connotes present activity and from a common sense interpretation does not include potential future actions as the *Cleary* and *Kelley* decisions as well as the current Ohio jury instruction might imply. The definitions of operate in both the Ohio jury instructions and *State v. Wymbs*

include the language 'act' or 'succession of acts,' indicating that present engagement of the mechanical or electrical agencies of a vehicle should be necessary to constitute operation.

"The layperson, unaware of the subtle legal nuances of 'operating,' does not know that his well-intended conduct, although short of driving, may still violate the law. A person who recognizes that he is in no condition to drive and elects to 'sleep it off' in the car, even if it is in the driver's seat with the ignition key in his possession, probably should not be considered in violation of R.C. 4511.19. In *State v. Mayabb*, operation was not found where the evidence merely demonstrated that the keys were in the ignition but the engine was not running. Whether the *Cleary* dicta and the new Ohio jury instruction will be applied to convict a defendant found in these circumstances in future cases remains uncertain."

Painter and Baker, Ohio Driving Under the Influence Law (1988) T 1.02, p.8 (footnotes omitted.)

In *State v. Mayabb* (July 28, 1986), Warren App. No. C85-10-071, unreported, the Twelfth District Court of Appeals held that a defendant parked in front of his own residence with his keys in the ignition and in the driver's seat but with the engine not running was not "operating" the motor vehicle for purposes of R.C. 4511.19(A) (1). The *Mayabb* court held that *Cleary* was distinguishable because, *inter alia,* the defendant in *Cleary* was in a vehicle in which the engine was running. See also *State v. McGlone* (January 29, 1990), Clermont App. Nos. CA89-05-032 and 033, unreported.

Thus, the *Mayabb* court appears to have distinguished the holding of *Cleary's* first syllabus on the basis that it constituted *obiter dictum.* Manifestly, the holding of the first paragraph of the *Cleary* syllabus provides that "a person in the driver's position in the front seat of the vehicle with the key in the ignition while under the influence of alcohol" is in violation of R.C. 4511.19(A) regardless of whether the vehicle's engine was running or not. It is axiomatic that the syllabus of an opinion issued by the Ohio Supreme Court states the law of the case. *Smith v. Klem* (1983), 6 Ohio St. 3d 16, 18; *DeLozier v. Sommer* (1974), 38 Ohio St. 2d 268, 271. As such, all lower courts in-is state, including our own, are bound to adhere to the principles set forth therein. *Smith, supra* at 18; *Merrick v. Ditzler* (1915), 91 Ohio St. 256, 264. Moreover, this court is not authorized to disregard the language of the syllabi in Ohio supreme Court cases on the basis that the language appears to be *obiter dictum:*

"In the past, this court has examined the syllabi of several of its cases and concluded that when *obiter dictum* appears therein it must be so recognized and considered. *State, ex rel. Bd. of Edn., v. Morton* (1975), 44 Ohio St. 2d 151, 153-154 [73 O.O. 2d 454]; *DeLozier v. Sommer,* supra. However, that determination is a function reserved exclusively for this court. Until such a determination is made, the syllabus is presumed to be the law of the case and all lower courts are bound to adhere to the principles set forth therein." *Smith, supra* at 18.

As this court noted in *State v. Doss* (August 22, 1989), Gallia App. No. 88CA15, unreported at 4-5:

"The policy adopted by the Supreme Court in *State v. Cleary, supra,* is clear. One may argue, as appellant impliedly does, that the rule is dangerous and that it will encourage drunk driving. Appellant's theory is that a person may, after entering a vehicle, find that he is too intoxicated to operate it. If he pulls off the road and sleeps it off, he is most likely to be arrested for drunk driving. The *Cleary* decision thus puts a premium on continuing to drive in [the] hope of getting home without being caught. To that extent, the *Cleary* decision is likely to lead to more highway deaths and injuries. While one may argue the wisdom, or perhaps the futility of the rule in *Cleary,* one cannot argue that it does not apply in this case."

Pursuant to Crim. R. 29(A), a court shall not order an entry of judgment of acquittal where the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt. *State v. Bridgeman* (1978), 55 Ohio St. 2d 261, syllabus. Pursuant to paragraph one of the syllabus of *Cleary,* the evidence adduced herein was sufficient to withstand appellant's Crim. R. 29(A) motion for judgment of acquittal. similarly, the instruction given by the trial court concerning the term "operate," which followed Section 525.19(A) (1) of the Ohio Jury Instructions was a proper statement of the applicable law. Cf, e.g. *State v. Comen* (1990), 50 Ohio St. 3d 206, paragraph two of the syllabus. Accordingly, for the foregoing reasons, appellant's first and second assignments of error are overruled, and the judgment of the trial court is affirmed.[1] Moreover, in that this case is in conflict with

the decision of the Twelfth District Court of Appeals in *Mayabb, supra,* we certify this case to the Ohio Supreme Court.

STEPHENSON, J., and GREY, J., concur in judgment and opinion.

---

[1] Appellant additionally argues that there was insufficient evidence of operation where there was no testimony that the vehicle appellant was discovered in was capable of being started. While it has been held that mechanical difficulties that would prevent a vehicle from moving under its own power are generally no bar to finding a vehicle to be in operation, see, generally, Erwin, Defense of Drunk Driving Cases (1986), Sec. 1.01(b), p. 1-9, in Ohio, where evidence has been adduced on a vehicle's incapability of being driven, the defendant is entitled to an instruction on this matter, but only as a defense to the charge. State v. Degler (Feb. 21, 1990), Wayne App. No. 2491, unreported; Comment to 4 OJI Sec. 525.19(A) (1), Par. 2. In the case at bar, appellant failed to request an instruction to this effect and, hence, waived any error in this regard. Crim. R. 30(A).