151

The State, ex rel. Grandview Heights City School
District Board of Education, *v.* Morton et al.

(No. 74-1087—Decided December 17, 1975.)

*Mr. John W. Leibold,* for relator.
*Messrs. Crabbe, Brown, Jones, Potts & Schmidt* and
*Mr. E. James Hopple,* for respondents.

*Per Curiam.* Grandview Heights is a home rule municipality, having adopted a charter pursuant to Section 7, Article XVIII of the Ohio Constitution. Section 42 of the Grandview Heights charter establishes the office of city solicitor, and sets forth certain duties thereof. Section 43 of the charter provides:

"In addition to the duties imposed upon the city solicitor by this charter or required of him by ordinance in accordance therewith, he shall perform the duties which are imposed upon city solicitors by the general laws of the state."

Such a law is R. C. 3313.35, which reads in part:

"* * * In city school districts, the city solicitor shall be the legal advisor and attorney for the board thereof, and shall perform the same services for such board as required of the prosecuting attorney for other boards of the county. * * * No compensation in addition to such officer's regular salary shall be allowed for such services."

Construing the charter provision and statute together, it is clear that the city solicitor of Grandview Heights is obligated to provide free legal services to the Grandview Heights City School District, unless, as alleged by respondents, R. C. 3313.35 is unconstitutional. Respondents cite *Bd. of Edn.* v. *Columbus* (1928), 118 Ohio St. 295, which incorporates by reference the dissenting opinion in *East Cleveland* v. *Bd. of Edn.* (1925), 112 Ohio St. 607, 616.

*Columbus* involved the application of Section 4, Article XVIII of the Ohio Constitution, which grants to municipalities the power to acquire, construct, own, lease, or operate public utilities. Paragraph one of the syllabus provides:

"That portion of Section 3963, General Code, which prohibits a city or village or the waterworks department

thereof from making a charge for supplying water for the use of the public school buildings or other public buildings in such city or village, is a violation of the rights conferred upon municipalities by Section 4 of Article XVIII of the Ohio Constitution, and is unconstitutional and void.''

Paragraph three states:

''Municipalities derive the right to acquire, construct, own, lease and operate utilities the product of which is to be supplied to the municipality or its inhabitants, from Section 4 of Article XVIII of the Constitution and the legislature is without power to impose restrictions or limitations upon that right.''

Thus, a statute which required cities and villages to provide water free of charge to schools and other public buildings was ruled invalid. No charter provision, incorporating the statutory mandate, was involved. Moreover, both the *Columbus* and *East Cleveland* cases turned upon a constitutional provision not involved in this case, making those cases inapplicable here unless respondents' additional reliance upon paragraph two of the syllabus in *Columbus* is justified. That paragraph states:

''That portion of Section 3963, General Code, above referred to is unconstitutional and void for the further reason that it results in taking private property for public use without compensation therefor, in violation of Section 19, Article I of the Ohio Constitution.''

Respondents assert that to require respondent city solicitor to provide free legal services to the Grandview Heights City School District would constitute an unlawful taking of city tax revenues. *Columbus* and *East Cleveland* do not support the proposition argued, for two reasons.

First, paragraph two of the syllabus in *Columbus* was unnecessary to the court's holding in that case. Neither the majority opinion in *Columbus* nor the dissenting opinion in *East Cleveland* makes mention of the ''taking of property'' theory or cites a case to support the conclusion reached. ''When obiter creeps into a syllabus it must be

so recognized and so considered." *Williamson Heater Co. v. Radich* (1934), 128 Ohio St. 124, 126. "[T]he fact of placement of a statement in a syllabus paragraph does not transform dictum into a conclusion of law." *DeLozier v. Sommer* (1974), 38 Ohio St. 2d 268, 271, fn. 2.

Second, the proposition expressed in paragraph two of the syllabus in *Columbus* is inapplicable to the facts of this case. Section 19, Article I of the Ohio Constitution, applied therein, forbids the taking by government of *private*, not public property. It does not authorize political subdivisions to assert the constitutional rights of private persons against other subdivisions or the state.

The citizens of Grandview Heights framed Section 43 of their charter to explicitly incorporate those general laws of the state which devolve duties upon city solicitors. In so doing, they foreclosed respondents' contention that enforcement of R. C. 3313.35 is inconsistent with exercise of the power of local self-government. See Opinions of Attorney General (1934), 435, 439, No. 2478. Further, the requirements of R. C. 3313.35 do not conflict with Section 19, Article I of the Ohio Constitution. Because relator has no adequate remedy at law, the writ of mandamus shall issue as prayed for.

*Writ allowed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.