SMITH ET AL., APPELLANTS, *v.* KLEM ET AL., APPELLEES.

[Cite as Smith *v.* Klem (1983), 6 Ohio St. 3d 16.]

(No. 82-1456—Decided July 13, 1983.)

*Messrs. Moan & Raker* and *Mr. James E. Brazeau,* for appellants.

*Messrs. Eastman & Smith, Mr. Jamille G. Jamra, Mr. Barry W. Fissel* and *Mr. Robert A. Kelb,* for appellees.

COOK, J. The issue presented is whether amendments adding necessary parties may be made to a complaint in a will contest action and relate back to the date of the original filing pursuant to Civ. R. 15 (C).

Prior to January 1, 1976, will contest cases were governed by R.C. Chapter 2741. R.C. 2741.02 listed all the necessary parties to such an action. R.C. 2741.09 required such an action to be brought within six months after the will was admitted to probate.

Based upon the provisions of R.C. Chapter 2741, it was well-settled in this state that the right to contest the validity of a will required the initiating party to name and join all necessary parties listed under R.C. 2741.02 within the six-month limitation period contained in R.C. 2741.09. The failure to comply with this mandate operated to divest the court of common pleas of jurisdiction of such a cause. *Bazo* v. *Siegel* (1979), 58 Ohio St. 2d 353 [12 O.O.3d 318]; *Kluever* v. *Cleveland Trust Co.* (1962), 173 Ohio St. 177 [18 O.O. 2d 461]; *Fletcher* v. *First National Bank* (1958), 167 Ohio St. 211 [4 O.O.2d 268]; *Gravier* v. *Gluth* (1955), 163 Ohio St. 232 [56 O.O. 228].

However, effective January 1, 1976, R.C. Chapter 2741 was repealed and R.C. Chapter 2107, dealing with will contest actions, became effective. Although the sections of R.C. Chapter 2107 paralleled the former sections of R.C. Chapter 2741, they substantially altered will contest actions in this state.

One of the major changes appears in R.C. 2107.72 which provides:

"The Rules of Civil Procedure govern all aspects of a will contest action, except as otherwise provided in sections 2107.71 to 2107.75 of the Revised Code."

In *State, ex rel. Smith,* v. *Court* (1982), 70 Ohio St. 2d 213 [24 O.O.3d 320], paragraph two of the syllabus, this court held:

"Due to the enactment of R.C. 2107.72, amendments may be made to plaintiff's complaint to join necessary parties in a will contest action. These amendments would, under Civ. R. 15 (C), relate back to the date of the original filing."

In *Smith,* this court was cognizant of the former decisions affirming the dismissal of will contest actions where all necessary parties were not timely joined, see *Kluever, Fletcher* and *Gravier, supra,* but distinguished those cases "* * * on the grounds that they interpreted the Probate Code prior to its revision in 1976." *Id.* at 216-217, footnote 5.

In the cause *sub judice,* the court of appeals reviewed the decision in *Smith* and concluded that the second paragraph of the syllabus was *obiter dictum* and had no precedential value.

We conclude in the cause *sub judice,* for the reasons stated in *Smith,* that amendments may be made to a complaint in a will contest action to join necessary parties pursuant to Civ. R. 15 and such amendments, under Civ. R. 15 (C), relate back to the date of the original filing.

We expressly reject the conclusion of the court of appeals that resort to Civ. R. 15 (C) would operate to extend the jurisdiction of the court in violation of Civ. R. 82. The General Assembly, by enacting R.C. 2107.72, effective January 1, 1976, specifically applied the Rules of Civil Procedure to will contest actions. Civ. R. 15 (C) provisions, for the first time, became applicable to such actions. The General Assembly must be presumed to have been cognizant of the relation back provisions of Civ. R. 15 (C) when it enacted R.C. 2107.72. Due to this change in the law in 1976 relating to will contest actions, the application of Civ. R. 15 (C) to such actions no longer operates to expand the jurisdiction of probate courts in violation of Civ. R. 82, as the court held in *Holland* v. *Carlson* (1974), 40 Ohio App. 2d 325 [69 O.O.2d 299]. Any expansion of jurisdiction in such actions originated with the General Assembly when it provided that the Rules of Civil Procedure now govern will contest actions.

As to the precedential value of the second paragraph of the syllabus of *Smith,* it is well-established that the syllabus of an opinion issued by this court states the law of the case. *DeLozier* v. *Sommer* (1974), 38 Ohio St. 2d 268, 271 [67 O.O.2d 335]; *Cassidy* v. *Glossip* (1967), 12 Ohio St. 2d 17 [41 O.O.2d 153], paragraph six of the syllabus; *Baltimore & Ohio Rd. Co.* v. *Baillie* (1925), 112 Ohio St. 567, paragraph two of the syllabus; *Cleveland-Akron Bag Co.* v. *Jaite* (1925), 112 Ohio St. 506; *Merrick* v. *Ditzler* (1915), 91 Ohio St. 256, 264. As such, all lower courts in this state are bound to adhere to the principles set forth therein. *Merrick* v. *Ditzler, supra.*

In the past, this court has examined the syllabi of several of its cases and concluded that when *obiter dictum* appears therein it must be so recognized and considered. *State, ex rel. Bd. of Edn.,* v. *Morton* (1975), 44 Ohio St. 2d 151, 153–154 [73 O.O.2d 454]; *DeLozier* v. *Sommer, supra.* However, that determination is a function reserved exclusively for this court. Until such a determination is made, the syllabus is presumed to be the law of the case and all lower courts are bound to adhere to the principles set forth therein.

For the foregoing reasons, the judgment of the court of appeals is reversed and the cause is remanded to the probate court for further proceedings.

*Judgment reversed and cause remanded.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting for W. BROWN, J.