I concur in the decision reached by the majority. I write separately to clarify my reason for doing so.
The majority opinion states, "Appellants concede they filed beyond the [statute of limitation. . ." (Majority Opinion at 2). I disagree with the majority's characterization of appellant's position. Although appellants concede they filed their complaint more than two years after the accident, appellants contend it was filed within the statute of limitations because of application of the discovery rule.
There is no doubt the O'Stricker Court's analysis of R.C.2305.10 involved a latent disease case, carcinoma caused by exposure to asbestos. As noted in O'Stricker, an amendment to R.C. 2305.10 added a proviso specifically addressing asbestos related injury. In O'Stricker, the Ohio Supreme Court statedbefore they could determine whether the amended version of the statute (which included the legislatively created discovery rule for asbestos cases) applied, they must first determine whether the action was extinguished under the pre-existing,unamended statute of limitations. They concluded it was not extinguished thereunder.
In O'Stricker, the Ohio Supreme Court stated, ". . . inlatent disease cases, this Court believes a liberal interpretation of the time of accrual is appropriate in this and all actions alleging the infliction of bodily injury which only manifests itself at a point subsequent to the alleged negligent conduct of defendant." Id. at 87. (Emphasis added). However, the syllabus adopted by the Ohio Supreme Court inO'Stricker does not limit its applicability to "latent disease cases". Because the syllabus language in O'Stricker appears to go beyond that which was necessary to decide the precise issue before it, it can be argued the broad language of the syllabus should be considered obiter dictum.
It is well established the syllabus of an opinion states the law of the case. DeLozier v. Sommer (1974), 38 Ohio St.2d 268,271. All lower courts in the state are bound to adhere to the principles set forth therein. Merrick v. Ditzler (1915),91 Ohio St. 256, 264. The Ohio Supreme Court has held when obiterdictum appears in the syllabus of a Ohio Supreme Court opinion, recognition of it as such is a function reserved exclusively to the Ohio Supreme Court. Until such determination is made by the Ohio Supreme Court, the syllabus is presumed to be the law of the case and all lower courts are bound to adhere to the principles set forth therein. Smith v. Klem (1983), 6 Ohio St.3d 16,18.
Effective March 1, 1983, the Ohio Supreme Court adopted the Supreme Court Rules For The Reporting Of Opinions. Rule 1(B) of those rules provides:
 The syllabus of a Supreme Court opinion states the controlling point or points of law decided in and necessarily arising from the facts of the specific case before the Court for adjudication.
Despite the Smith court's specific instruction to inferior courts not to consider whether a supreme court syllabus can be considered obiter dictum,[1] several courts have addressed this issue subsequent to enactment of the rule.
In Fenner v. Parkinson (1990), 69 Ohio App.3d 210, the appellate court held the syllabus of an Ohio Supreme Court decision must be read in the context of the facts of the particular case upon which it is premised, and it is not to be regarded as absolutely controlling authority in other cases where the material facts are different.
In Grange Mut. Cas. Co. v. Smith (1992), 80 App.3d 426, the appellate court noted that while it is generally improper for a lower court to determine a syllabus of an Ohio Supreme Court opinion is obiter dictum, S.Ct. R. Rep. Op. 1(B) provides the "syllabus of a Supreme Court opinion states the controlling point or points of law decided in and necessarily arising from the facts of this specific case before the Court for adjudication."
Finally, and most significantly, the Ohio Supreme Court inState ex. rel. Heck v. Kessler (1995), 72 Ohio St.3d 98, while paying lip service to the principle it enunciated in Smith,
retreated from the total prohibition announced in Smith by acknowledging there may be occasions when a lower court can determine a syllabus of the Ohio Supreme Court is obiterdictum. In so doing, the Heck court emphasized the "decided in and necessarily arising from the facts of the specific case" language contained within the rule.
In applying these principles, I believe the case sub judice
presents a situation in which we, an inferior court, are permitted to determine whether the syllabus of the Ohio Supreme Court in O'Stricker is obiter dictum as it relates to the case before us. When so doing, because of the clearly stated rational in O'Stricker the application of the discovery rule therein was equitable because it involved a latent disease case, and because this case does not involve a latent disease nor one in which the injury would not be expected to manifest itself beyond two years from the date of the accident, I believe application of the O'Stricker syllabus is inappropriate as a matter of law.
Accordingly, I join in the majority's decision to affirm the trial court.[2]
 -------------------------- JUDGE WILLIAM B. HOFFMAN
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Canton Municipal Court of Stark County, Ohio is affirmed.
--------------------
--------------------
 -------------------- JUDGES
Hon. John W. Wise, P.J., Hon. William B. Hoffman, J., Hon. Sheila G. Farmer, J., JUDGES.
[1] Smith makes no mention of S.Ct. R. Rep. Op. 1(B). The rule was not in effect at the time the Smith case was decided at the trial court and appellate levels, although the rule was in effect at the time the Supreme Court announced its decision therein.
[2] Unlike the majority, I find appellant's affidavit and her statement to the police at the scene (which was not a certified, authenticated copy) creates a dispute as to when her injury first manifested itself. It would be inappropriate to resolve that dispute at this juncture of the proceeding. Such issue is one for the trier-of-fact to resolve. However, because I find O'Stricker inapplicable as a matter of law, resolution of this issue is unnecessary.