DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Kenneth E. Beeler, Jr., appeals from the decision of the Medina County Court of Common Pleas adjudicating him as a sexual predator under R.C. Chapter 2950. We affirm.
In 1984, Beeler married Nancy Gray. Gray had two sons from a prior marriage, Richard and Steven Gray. Beeler experienced some conflict with Richard and Steven from the beginning of the marriage.
Beginning in 1986, Beeler began molesting Richard. Richard was about seventeen years old at the time. While Richard was asleep, Beeler would fondle Richard's genitals for a few minutes. Richard did not awaken when this happened. Between 1986 and 1989, Beeler did this several times. The acts stopped once Richard no longer lived in the home.
Beeler began to repeat his actions with Steven in 1991 or 1992, when Steven was about seventeen years old. As he had done with Richard, Beeler fondled Steven's genitals while Steven was asleep. The molestation continued until 1995, when Steven discovered Beeler in the act of fondling him. On that last occasion, Steven had come home from work and had fallen asleep in a chair in the living room. Beeler then unzipped Steven's pants and began to fondle him. While Beeler did this, Steven suddenly awoke, and Beeler fled the room. Steven did not relate this incident to anyone until two years later, when Richard's son stayed the night at Beeler's house. Because he was concerned that Beeler might molest Richard's son, Steven told Richard and Richard's wife. The police were notified soon afterward.
On November 20, 1997, Beeler was indicted by the Medina County Grand Jury on six counts of gross sexual imposition. Beeler initially pleaded not guilty. Later, Beeler pleaded guilty to four counts of gross sexual imposition, in exchange for the dismissal of the other two counts.
On June 29, 1998, a hearing was held for the purposes of sentencing and sexual predator adjudication. Three witnesses testified for the State: the police detective who investigated Beeler, and Richard and Steven Gray. Richard and Steven related what had happened to them from what they could recall. The detective testified as to Beeler's confession in the matter. Beeler's only witness was Dr. Alan Gilbertson, Beeler's treating psychologist. Dr. Gilbertson testified that he and a psychiatrist were treating Beeler for his problems, that Beeler suffered from severe depression, and that he did not believe that Beeler would reoffend. On cross-examination, Dr. Gilbertson admitted that the recidivism rates for sexual offenders is, on average, higher than for other types of offenses. After hearing the evidence, the trial court found Beeler to be a sexual predator and sentenced him for the offenses to which he had pleaded guilty. Beeler appeals, assigning two errors.
 I.
Beeler's first assignment of error states:
 THE TRIAL COURT'S ADJUDICATION OF DEFENDANT-APPELLANT AS A SEXUAL PREDATOR IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Beeler argues that the trial court's decision to designate him a sexual predator is not supported by clear and convincing evidence. When determining whether an offender is to be adjudicated as a sexual offender, a trial court must hold a hearing pursuant to R.C. 2950.09(B). "At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." R.C. 2950.09(B)(1). In making this determination, the trial court must consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
In order for a trial court to adjudicate an offender as a sexual predator, the court must consider the factors outlined above and the testimony and evidence presented, and determine whether there is clear and convincing evidence that the offender is a sexual predator. R.C. 2950.09(B)(3). The standard of clear and convincing evidence is met if the evidence produces a firm belief or conviction as to the matter to be established in the mind of the trier of fact. State v. Rexroad (Apr. 1, 1998), Summit App. No. 18539, unreported, at 3. In reviewing the trial court's decision, we must examine the record to determine whether sufficient evidence exists to meet the clear and convincing standard. Cross v. Ledford (1954), 161 Ohio St. 469, 477.
The record shows the following: Beeler was in his late thirties and early forties when he committed the acts against his stepsons. He had no prior criminal record. He began his acts when his two victims were each about seventeen years old, and continued for several years while the stepsons resided in the home. Beeler was being treated by a psychologist and a psychiatrist for depression and for his acts against his stepsons. Beeler's conduct did demonstrate a pattern of abuse against his stepsons. In committing the acts, Beeler did not use exterior means to impair the victims but did commit the acts while they were asleep. Beeler also violated a position of trust in relation to his stepsons by committing these acts. There was testimony that Beeler probably would not reoffend but that the recidivism rate for sexual offenders is higher than for other offenses.
We conclude that the trial court's adjudication of Beeler as a sexual predator is supported by the evidence. Beeler's first assignment of error is overruled.
 II.
Beeler's second assignment of error states:
 THE TRIAL COURT'S ADJUDICATION OF DEFENDANT-APPELLANT AS A SEXUAL PREDATOR VIOLATES ARTICLE 1 SECTION 10 OF THE UNITED STATES CONSTITUTION AND ARTICLE 2 SECTION 28 OF THE OHIO CONSTITUTION WHICH PROHIBITS THE ENACTMENT OF EX POST FACTO LAWS.
Beeler argues that the sexual predator statute, R.C. Chapter 2950, is unconstitutional as violative of the constitutional proscriptions against retroactive or ex post facto laws. The Ohio Supreme Court has held that R.C. 2950.09(B)(1) does not violate the Retroactivity Clause of the Ohio Constitution or theEx Post Facto Clause of the United States Constitution.State v. Cook (1998), 83 Ohio St.3d 404, paragraphs one and two of the syllabus. While Beeler recognizes Cook, he attempts to argue that we should ignore the supreme court's dictates because "the Court, in an effort to arrive at a specific disposition was less than thorough in their analysis." Regardless of what Beeler may think of the Ohio Supreme Court's analysis, this court is bound by the supreme court's syllabus pronouncements. Smith v. Klem (1983), 6 Ohio St.3d 16,18; S.Ct.R.Rep.Op. 1(B). Until Cook is overruled by the Ohio Supreme Court or the United States Supreme Court, R.C.2950.09(B)(1) is not unconstitutional as being a retroactive or an ex post facto law. Beeler's second assignment of error is overruled.
Beeler's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. ___________________________ WILLIAM R. BAIRD, FOR THE COURT
SLABY, J.
CARR, J., CONCUR