This appeal comes to us from a judgment issued by the Ottawa County Court of Common Pleas, Probate Division, in a will contest action. Because we conclude that appellant failed to comply with Civ.R. 15(C) when he attempted to amend his complaint, we affirm the trial court's dismissal of his action.
This is the second time this case has come before us. In the first appeal, we determined that the trial court had erroneously concluded that it lacked jurisdiction to consider an amended complaint in appellant's will contest. See Kocis v.Chorba (Mar. 20, 1998), Ottawa App. No. OT-97-033, unreported. We determined that, pursuant to Smith v. Klem (1983), 6 Ohio St.3d 16, a trial court has jurisdiction to permit the addition of parties in a will contest action provided the requirements of Civ.R. 15(C) are met.[1] On remand, the trial court again dismissed the amended complaint, finding that appellant had failed to satisfy the requirements of Civ.R. 15(C).
Appellant now appeals that judgment, setting forth the following sole assignment of error:
 "The Trial Court erred in refusing to allow the amendment of the Complaint to add additional Parties pursuant to CR 15(c) [sic] since that issue had already been decided by the Court of Appeals and the trial court was bound by the doctrine of res judicata."
Appellant contends that the trial court erred because our previous opinion in this case, Kocis v. Chorba (Mar. 20, 1998), Ottawa App. No. OT-97-033, unreported, already determined that he should be allowed to file his amended complaint adding the two omitted grandchildren. Appellant also contends that if the requirements of Civ.R. 15(C) must be met, then no parties could ever be added. We disagree.
After the expiration of the statute of limitations, a complaint in a will contest action may be amended to add parties and will relate back to the date of the original pleading, if therequirements of Civ.R. 15(C) are met. Weaver v. Donnerburg
(1985), 26 Ohio App.3d 112, 115, citing Smith v. Klem (1983),6 Ohio St.3d 16. These requirements include that the claim in the amended pleading arose from the conduct set forth in the original pleading and
 "within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." Civ.R. 15(C).
In other words, in order to meet the requirements of Civ.R. 15(C), the plaintiff must assert facts which demonstrate that the added parties were aware of the proceedings and knew or should have known that they should be involved in the will contest.
In this case, we previously reversed and remanded the case to the trial court for "proceedings consistent with" our determination that the trial court had jurisdiction to amend the complaint. Thus, the trial court was to consider the merits of appellant's motion to amend the complaint to add the two grandchildren pursuant to the requirements of Civ.R. 15(C). On remand, appellant misconstrued our first opinion, stating that this court had "implicitly endorsed the filing of the amended complaint." Appellant failed to put forth any further evidence of compliance with Civ.R. 15(C), namely that during the four-month limitations period, the grandchildren: 1) received notice of the action so as not to be prejudiced in maintaining a defense, and 2) knew or should have known that the action should have involved them. Consequently, the trial court did not err when it dismissed appellant's amended complaint, finding that appellant had failed to present any factual evidence as to the above requirements of Civ.R. 15(C).
Accordingly, appellant's sole assignment of error is not well-taken.
The judgment of the Ottawa County Court of Common Pleas, Probate Division, is affirmed. Court costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 James R. Sherck, J.
 Mark L. Pietrykowski, J.
CONCUR.
[1] Apparently, some confusion still exists as to whether parties may be added, rather than just substituted, to a will contest action pursuant to Civ.R. 15(C). Appellee, citing Kralyv. Vannewhirk (1994), 69 Ohio St.3d 627, still maintains that parties may not be added, only substituted. However, Smith v.Klem, supra, which has not been overruled, was specific in its application of the rule to permit the addition of parties in will contest actions. See also, Trubulas v. Doland (1987), 39 Ohio App.3d 62, reversed on other grounds, 42 Ohio St.3d 8 and Weaverv. Donnerburg (1985), 26 Ohio App.3d 112 (pursuant to Civ.R. 15(C), parties may be added, not just substituted, in a will contest action). In Kraly v. Vannewhirk, supra the issue involved the addition of parties in an action to enforce coverage under a contract for uninsured/underinsured motorist insurance and is, therefore, not applicable to this case.
 COURT OF APPEALS, OPINIONS MARCH 31, 1999