Richard and Sharon Mendelsohn appeal from a decision of the common pleas court granting summary judgment in favor of Habitat for Humanity International and Greater Cleveland Habitat for Humanity alleging the court erred when it concluded that the liability waiver signed by Richard operated as a complete defense to all claims, including Sharon's cause of action for loss of consortium, arising from injuries Richard sustained when he fell while working as a volunteer on the roof of a house located on East 87th Street in Cleveland being constructed by Habitat under the sponsorship of Ameritech Corporation.
After reviewing the record before us and the applicable law, we have determined that the court correctly granted summary judgment in favor of Greater Cleveland Habitat but erred in granting summary judgment to Habitat International and on Sharon's loss of consortium claim. Therefore, we affirm the court's decision but remand the case for further proceedings regarding Habitat International and Sharon's loss of consortium claim.
The facts relating to this case begin on May 11, 1996, when Richard, a member of the Plymouth United Church of Christ, attended a church-sponsored Greater Cleveland Habitat meeting, agreed to do work on a Habitat project, and signed a Volunteer Information form, containing a "Waiver of Liability" clause in favor or Greater Cleveland Habitat. His wife, Sharon, however, never signed that form.
Two months later, Richard reported to the Ameritech house on East 87th Street to begin work. Greater Cleveland Habitat employees directed him to install roof decking on a roof with a 45-degree pitch where a previous installer left a device known as a swing/sliding scaffold. He used it, the scaffold collapsed, and he fell three stories to the ground sustaining serious injuries.
Thereafter on January 22, 1997, the Mendelsohns filed a complaint against Habitat International, Greater Cleveland Habitat, and Ameritech Corporation to recover for personal injuries sustained by Richard and a loss of consortium suffered by Sharon. At a pretrial, the court imposed a discovery cut-off date of October 14, 1997 and required completion of all depositions on or before November 30, 1997. On December 12, 1997, Greater Cleveland Habitat and Habitat International filed a joint motion for summary judgment alleging that the waiver Richard had signed constituted a complete defense to the complaint. The Mendelsohns filed a brief in opposition, and on January 20, 1998, deposed Patrick Nugent, an Ameritech field specialist and former roofer who had installed a portion of the roof decking on the house. On February 3, 1998, they requested leave to file a supplemental brief based on Nugent's testimony, which incorporated leave to file Nugent's deposition.
On February 6, 1998, the court granted leave to file the supplemental brief, but in its order, never specifically addressed the request to file the transcript of Nugent's deposition testimony. Thereafter on February 13, 1998, the court granted Habitats' joint motion for summary judgment and dismissed the case. Four days later on February 17, 1998, the Mendelsohns filed Nugent's deposition transcript with the court. Then on February 22, 1998, the Mendelsohns sought leave to amend their complaint to add a new party, Ohio Bell Telephone Company, and a new cause of action for willful and wanton conduct, but the court denied that request. Thereafter, the Mendelsohns dismissed the remaining parties without prejudice and now appeal from the summary judgment granted by the court alleging three assignments of error.
The first assignment of error states:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON THE CONSORTIUM CLAIM OF SHARON MENDELSOHN AND ALL CLAIMS AGAINST HABITAT INTERNATIONAL BECAUSE THEY WERE NOT PARTIES TO THE WAIVER AND RELEASE.
Here, citing Bowen v. Kil-Kare, Inc. (1992), 63 Ohio St.3d 84, Sharon claims that her loss of consortium claim should not be precluded by the waiver that Richard signed, and, therefore, the court erred in granting summary judgment on that claim.
Greater Cleveland Habitat and Habitat International conceded this position in the trial court, but now argue on appeal that the Supreme Court incorrectly decided Bowen and urges us to adopt the dissenting opinion in that case.
Thus, we focus on whether the court erred when it granted summary judgment on the consortium claim, and we necessarily address the question of the proper law to be applied in this instance.
In Bowen, the court stated in its syllabus:
 An action for loss of consortium occasioned by a spouse's injury is a separate and distinct cause of action that cannot be defeated by a contractual release of liability which has not been signed by the spouse who is entitled to maintain the action.
In this case, the waiver of liability signed by Richard on May 11, 1996 does not contain Sharon's signature releasing her claim for loss of consortium. Hence, according to the syllabus in Bowen, her claim cannot be defeated by the release Richard signed. Greater Cleveland Habitat and Habitat International would like us to adopt the dissenting view in Bowen. However, we are aware that in Smith v. Klem (1983), 6 Ohio St.3d 16, 18, the court stated:
 It is axiomatic that the syllabus of an opinion issued by the Supreme Court of Ohio states the law of the case, and, as such, all lower courts in this state are bound to adhere to the principles set forth therein.
In accordance with Smith, we are obligated to follow the holding in Bowen. In accordance with that law, we conclude that the court erred when it granted summary judgment regarding Sharon's claim for loss of consortium.
The second assignment of error states:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON THE CLAIMS OF RICHARD MENDELSOHN BECAUSE THE WAIVER AND RELEASE IS INADEQUATE AS A MATTER OF LAW AND QUESTIONS OF MATERIAL FACT ARE IN DISPUTE.
Richard asserts the court erred in granting summary judgment to Greater Cleveland Habitat and Habitat International because the waiver that he signed is ambiguous and unclear on its face.
Greater Cleveland Habitat and Habitat International filed a joint brief and maintain that the court properly granted summary judgment because Richard signed the waiver and released them from all negligence claims.
The issue then concerns whether the court correctly granted summary judgment in favor of Greater Cleveland Habitat and Habitat International on the claims asserted by Richard or whether factual issues exist regarding the effectiveness of the waiver as to Habitat International and Richard's claim of willful and wanton conduct asserted against Habitat.
Here, an examination of the complaint reveals that Mendelsohn filed a claim for negligence. The record before us reveals that Richard signed a waiver at the time he agreed to volunteer at the Ameritech house. That waiver contained the following language:
 I understand that my (or my dependent(s)') work as a volunteer on or about a Habitat for Humanity construction site or project will expose me (or my dependent(s)') to various risks of injury or illness. I understand and assume these risks, and agree not to hold Greater Cleveland Habitat for Humanity, Inc., its agents, employees, or volunteers liable for any such injury or illness.
In considering this claim, a waiver has been held to relieve a proprietor of responsibility for negligence. In Bowen, the court stated:
 * * * A participant in a stock-car race and the proprietor of such activity are free to contract in such a manner so as to relieve the proprietor of responsibility to the participant for the proprietor's negligence, but not for the proprietor's willful or wanton misconduct.
A careful reading of the waiver signed in this case reveals that Richard specifically agreed not to hold Greater Cleveland Habitat, its agents, employees or volunteers liable for injury; that document, however, does not reference Habitat International.
In accord with Bowen, we have concluded that Richard waived his claims against Greater Cleveland Habitat, but not as to Habitat International.
Richard also asserts that genuine issues of material fact exist regarding his proposed claim of willful and wanton conduct asserted against Greater Cleveland Habitat based on Nugent's deposition testimony.
Nugent's deposition had been taken after the deadline imposed by the court for completing depositions and without leave of court, and had not been timely filed with the court prior to the court's ruling on the pending motion for summary judgment. The court, therefore, did not consider that testimony. Even though the Mendelsohns filed Nugent's deposition on February 17, 1998, the court granted summary judgment as to Greater Cleveland Habitat and Habitat International four days earlier. They were no longer parties in the case at the time the Mendelsohns filed the deposition transcript.
While we recognize Richard now seeks to assert a claim for willful and wanton conduct on the part of Greater Cleveland Habitat, he never pled that cause of action nor presented evidence of it to the trial court in a timely fashion. We cannot consider evidence on appeal that has not been presented to the trial court. Accordingly, we conclude the court did not err when it granted summary judgment as to Greater Cleveland Habitat, but it did err when it granted summary judgment to Habitat International. Therefore, this assignment of error is sustained in part.
The third assignment of error states:
 THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE PLAINTIFFS' MOTION TO AMEND THEIR COMPLAINT.
The Mendelsohns contend that the court abused its discretion when it denied them leave to add the Ohio Bell Telephone Company as a party defendant and add claims for willful and wanton conduct against Greater Cleveland Habitat. It contends that the court properly denied leave to amend the complaint because at the time the Mendelsohns filed their motion, it had been dismissed as a party to the case.
The issue here concerns whether the court properly denied the motion to amend the complaint.
Civ.R. 15 (A) provides:
 Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires.
(Emphasis added.)
In this case, the Mendelsohns sought leave to amend their complaint based upon Nugent's deposition, which they claim raised the issue of whether Greater Cleveland Habitat's conduct rose to the level of willful and wanton misconduct.
Though the rule requires that leave be freely given if the action has not been placed on the trial calendar, the Mendelsohns only sought leave of court to amend their complaint to add Ohio Bell and to add a new claim for willful and wanton conduct against Greater Cleveland Habitat after the trial court had adjudicated the case. Since no leave had been requested while the court had the matter under consideration, we cannot conclude the court abused its discretion in denying the requested leave after it had granted summary judgment. Further, at oral argument, counsel for the Mendelsohns advised the panel that the claims against Ameritech had been resolved and, therefore, the issue of joining Ohio Bell is now moot.
In accordance with the foregoing, we have concluded that the cause of action for loss of consortium had been improperly dismissed and is reinstated; summary judgment granted as to Habitat International, an unnamed party in the waiver, is improper and, therefore, that cause of action is reinstated; in all other respects, the judgment of the court is affirmed. The matter is now remanded to the trial court for further proceedings consistent with this opinion.
Judgment affirmed in part and reversed in part.
It is ordered that appellees and appellants are to each pay their own costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, J., and JOHN T. PATTON, J., CONCUR
 ___________________________________ PRESIDING JUDGE TERRENCE O'DONNELL
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also S.Ct.Prac.R. II, Section 2(A)(1).