OPINION
Richard Attewell appeals a judgment of the Rocky River Municipal Court which found him guilty of operating a vehicle while under the influence of alcohol. Attewell complains on appeal that the court erroneously determined he "operated" his vehicle at the time of his arrest.
After reviewing the controlling legal precedents in this area, we are constrained to affirm the judgment of the trial court.
The parties here stipulated the facts of the case which reveal that on July 26, 1998, Attewell parked his 1986 Toyota truck at the Linden Lounge on Detroit Road in Rocky River, Ohio, and remained there from approximately 2 p.m. until 6 p.m. At that time, he and Kevin Elginski drove to the Village, another bar located on Madison Avenue in Lakewood, Ohio, but later returned to the Linden Lounge at 10:30 p.m. and drank there until 2:00 a.m. Because Attewell did not feel sober enough to walk four blocks to his house, he entered his truck, turned on the engine to listen to the radio, and fell asleep. At 2:25 a.m., Patrolman Lichman of the Rocky River Police Department discovered Attewell asleep in the front seat of his truck with the driver's door open and the engine running. The officer noticed a strong odor of alcohol, awakened Attewell, administered field sobriety tests to him, and then arrested him for driving under the influence of alcohol. The parties further stipulated that at no time did Attewell drive any vehicle with alcohol in his system.
Thereafter, the case proceeded to a bench trial on November 16, 1998, and the court returned a guilty verdict from which Attewell now appeals and assigns one error for our review. It states:
 THE TRIAL COURT ERRED IN FINDING THAT APPELLANT'S CONDUCT CONSTITUTED "OPERATION OF A MOTOR VEHICLE".
Attewell argues that because the parties stipulated he did not drive any motor vehicle and that he had no intention of driving his truck after consuming alcohol, the court erroneously determined he had operated his motor vehicle under the influence of alcohol. The city maintains the trial court followed the law as articulated by the Ohio Supreme Court and correctly determined Attewell's guilt beyond a reasonable doubt. The issue then concerns whether Attewell's conduct constituted operating a motor vehicle within the meaning of that term as it is used in R.C. 4511.19 (A).
Here, the city charged Attewell with violating R.C. 333.01
(a) (1) which is substantially similar to R.C. 4511.19 (A) The pertinent provisions of that ordinance read as follows:
 (a) No person shall operate any vehicle, streetcar, or trackless trolley within this State if any of the following apply:
 (1) The person is under the influence of alcohol or any drug of abuse, or the combined influence of alcohol and any drug of abuse.
Because of the glaring similarity to R.C. 4511.19 (A), cases which have interpreted that code section are instructive on our interpretation of this ordinance. In State v. Cleary (1986),22 Ohio St.3d 198, the court held in its syllabus:
 1. Operation of a motor vehicle within the contemplation of R.C. 4511.19 (A) is a broader term than driving and a person in the driver's position in the front seat of the vehicle with the key in the ignition while under the influence of alcohol or any drug of abuse can be found in violation of the statute.
 2. Entering a motor vehicle, putting the key in the ignition and starting and engaging the engine in a stationary position are sufficient acts to constitute operation within the meaning of R.C. 4511.19 (A) (1).
 More recently, the court held in State v. Gill (1994), 70 Ohio St.3d 150, in its syllabus:
 A person who is in the driver's seat of a motor vehicle with the ignition key in the ignition and who, in his or her body has a prohibited concentration of alcohol, is "operating" the vehicle within the meaning of R.C. 4511.19 whether or not the engine of the vehicle is running. (State v. Cleary [1986], 22 Ohio St.3d 198, * * *; State v. McGlorie [1991], 59 Ohio St.3d 122, * * * applied and followed.)
Further in Smith v. Klem (1983), 6 Ohio St.3d 16, 18, we recognize the principle of law clearly enunciated for all inferior courts in Ohio:
 It is axiomatic that the syllabus of an opinion issued by the Supreme Court of Ohio states the law of the case, and, as such, all lower courts in this state are bound to adhere to the principles set forth therein.
In this case, the record reflects that Patrolman Lichman found Attewell sleeping in his truck with a blood alcohol level in excess of the legal limit, with a key in the ignition, and the motor running.
Based on this evidence, the trial court determined Attewell operated the vehicle within the meaning of the ordinance.
Our review of the record here and our obligation to adhere to the principles set for in Cleary, Gill, and McGlone constrain us to affirm the judgment of the trial court. Accordingly, we overrule this assignment of error and affirm the decision of the Rocky River Municipal Court.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Rocky River Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY, J., CONCURS; PATRICIA A BLACKMON, J.,DISSENTS (See Dissenting Opinion attached)
 ____________________________________ PRESIDING JUDGE TERRENCE O'DONNELL