DECISION AND JUDGMENT ENTRY
This is an appeal from a Hocking County Municipal Court judgment of conviction and sentence. The trial court, after a bench trial, found Scott Willard, defendant below and appellant herein, guilty of driving while under the influence of alcohol.
Appellant assigns the following error for our review:
 "THE TRIAL COURT ABUSED ITS DISCRETION, ERRED AS A MATTER OF LAW AND DEPRIVED THE APPELLANT OF HIS RIGHTS UNDER ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION AND THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION TO BE FREE FROM AN UNREASONABLE SEIZURE OF HIS PERSON BY LAW ENFORCEMENT."
On July 4, 1999 at 2:09 a.m., Logan Police Department Patrol Officer Rachelle Cook noticed appellant's unlit license plate. Officer Cook stopped appellant's vehicle. After the stop and contact with appellant, Officer Cook charged appellant with,inter alia, driving while under the influence of alcohol.
On July 30, 1999, appellant filed a motion to suppress evidence. In his motion, appellant argued that all evidence should be suppressed under both the Ohio Constitution and the United States Constitution. In particular, appellant asserted that his unlit license plate did not justify or warrant an investigative stop of his vehicle.
On August 27, 1999, the trial court overruled appellant's motion to suppress evidence. After a bench trial, the trial court found appellant guilty as charged. Appellant filed a timely notice of appeal.
In his sole assignment of error, appellant asserts that his unlit license plate could not properly serve as a basis for a warrantless vehicle stop. Appellant, citing State v. Brite
(1997), 120 Ohio App.3d 517, 698 N.E.2d 478, contends that this court departed from Ohio Supreme Court precedent established inDayton v. Erickson (1996), 76 Ohio St.3d 3, 665 N.E.2d 1091, and held that "de minimus infractions," such as equipment violations, do not support or justify warrantless vehicle stops. Thus, appellant argues that the trial court erred by overruling his motion to suppress evidence. We disagree with appellant.
Initially, we note that an appellate court's review of a trial court's judgment relating to a motion to suppress evidence presents mixed questions of law and fact. See State v. Long
(1998), 127 Ohio App.3d 328, 713 N.E.2d 1. Generally, an appellate court will defer to the trial court's factual findings.State v. Medcalf (1996), 111 Ohio App.3d 142, 675 N.E.2d 1268. In the case sub judice, we note that the facts surrounding the initial stop of appellant's vehicle are uncontested.[1] Thus, in this appeal we, as an appellate court, must determine, utilizing a de novo standard of review, whether the trial court correctly applied the appropriate legal standard to the established facts. See Ornelas v. United States (1996), 517 U.S. 690; State v.Wilbranis (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141.
The Fourth and Fourteenth Amendment to the United States Constitution as well as Section 14, Article I of the Ohio Constitution prohibit any governmental search or seizure, including a brief investigative stop, unless supported by an objective justification. Terry v. Ohio (1968), 392 U.S. 1, 19,20 L.Ed.2d 889, 88 S.Ct. 1868; State v. Andrews (1991),57 Ohio St.3d 86, 87, 565 N.E.2d 1271. Investigative stops are permissible pursuant to Terry if an officer has a reasonable suspicion, based upon specific and articulable facts which, taken together with rational inferences from those facts, result in the conclusion that criminal behavior has occurred or is imminent.Terry, supra; State v. Williams (1990), 51 Ohio St.3d 58, 60-61,554 N.E.2d 108. Likewise, investigatory stops of motor vehicles are permissible when the officer has a reasonable, articulable suspicion that the driver violated the law. United States v.Brignoni-Ponce (1975), 422 U.S. 873; Delaware v. Prouse (1979),440 U.S. 648, 663; State v. Chatton (1984), 11 Ohio St.3d 59, 61,463 N.E.2d 1237. The propriety of an investigative stop must be viewed in light of the totality of the circumstances. State v.Bobo (1988), 37 Ohio St.3d 177, 178, 524 N.E.2d 489. Additionally, we note that "reasonable suspicion" is a lesser standard than the probable cause standard. In the case subjudice, Officer Cook observed appellant's unlit license plate. We note that R.C. 4513.03[2] requires vehicles to display lights as required by R.C. 4513.04 to 4513.37. R.C. 4513.05 provides that a vehicle's rear registration (license) plate must be illuminated. Therefore, Officer Cook clearly possessed a reasonable articulable suspicion that appellant violated R.C.4513.03 when she stopped appellant. Prouse, supra; Chattonsupra.
We note that many courts have held that a vehicle equipment violation may justify an investigative stop. See State v. Barr
(Nov. 21, 1997), Montgomery App. No. 15987, unreported (unlit license plate); State v. Goins (May 24, 1996), Ross App. No. 95CA2106, unreported (defective windshield); State v. Douglas
(Mar. 6, 1996), Athens App. No. 95CA1669, unreported (no tail lights and unlit license plate); State v. Satterfield (June 6, 1993), Lucas App. No. L-92-315, unreported (unlit license plate).
Appellant argues, however, that our decision in Brite
somehow rejects the Erickson holding and requires something more than a "de minimus" traffic violation to serve as the basis for an investigative stop. We disagree.
First, we note that this court is obligated, as an intermediate appellate court, to follow Ohio Supreme Court decisions. See Smith v. Klem (1983), 6 Ohio St.3d 16,450 N.E.2d 1171. Second, we note that Brite did not address the issue presented in Erickson. In Erickson, the Ohio Supreme Court held that a minor traffic violation justifies an investigative stop, even when an officer may possess the subjective intent of investigating a more serious offense for which the officer does not possess a reasonable suspicion or probable cause. In Brite, we held that minor movements outside the right edge (fog) line may not, in all circumstances, provide a reasonable suspicion of criminal activity when the testimony describing the movements are vague and unspecific. Thus, the issues and holdings in Brite
and Erickson are not identical and Brite does not contradictErickson. See State v. Fields (Nov. 29, 1999), Hocking App. No. 99CA11, unreported, for a detailed discussion on this point.
Thus, in the case at bar, we find no error with the trial court's judgment. We agree with the trial court that Officer Cook possessed a constitutionally valid basis to stop appellant's vehicle.
Accordingly, based upon the foregoing reasons we overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
[1] The parties submitted an "Agreed Statement of the Record and Facts" for our review. Furthermore, in the agreed statement the parties framed the issue for review as follows: "The sole issue on appeal is whether the stop of the defendant's vehicle by law enforcement was supported by probable cause under the state and federal constitutions and whether all evidence obtained by law enforcement after this stop should have been suppressed."
[2] The arresting officer cited the Logan City Codified Ordinance provision requiring that a vehicle's license plate must be illuminated. For purposes of our discussion, however, we refer to the companion Revised Code provision.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
HARSHA, J. KLINE, P.J.: Concur in Judgment Opinion
For the Court
 BY: _____________________________ PETER B. ABELE, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.