OPINION
Gary Cunningham and his wife, Renee Cunningham, are appealing from the verdict directed against them at the conclusion of a trial before a jury on a complaint they had filed against defendant, the owner of the real estate, an apartment building, where Gary suffered a fall and incurred some injuries.
Gary had entered the structure in order to inquire of an occupant as to the medical status of her brother, who was a friend of Gary's. He knew where the apartment was because he had dropped off people there before, but he had never entered the apartment or been invited in at anytime. He had not called the apartment owner to ask for permission to come to her apartment, and the owner did not know he was there. Gary knocked on the door of the apartment, but received no answer and, upon leaving the apartment area and the building itself from the same way he came in, he somehow tripped or lost his balance and fell causing some medical injuries.
The trial court granted defendant's motion for a directed verdict from the bench, as follows:
THE COURT: Thank you, Counselor.
 I've considered these arguments. I did take advantage during part of the hearing to familiarize myself with the Deangelis case.
 Based upon the facts that have been presented, the testimony, I would find that the status of the Plaintiff was a licensee. Had he been invited there, even an implied invitation, the Court could find that he was an invitee and that Mr. Stout received a benefit by that. But I believe he has to have his status from the tenant if it's not given directly from, if you want to call him an implied invitee, then the implication by Mr. Stout is by way of what his status is when he shows up at that door with a tenant.
 He was not invited that day. The fact that he had been invited before made him an invitee on prior occasions, but he was not invited that day.
 As a licensee, the duty is, in fact, not one of ordinary negligence but a duty to protect from willful and malicious conduct which has been agreed to as not evident in this case and a warning from hidden dangers. Based upon the evidence and exhibits and part of that evidence, I do not find this to be a hidden danger. The fact that he traversed the area before does not in and of itself mean that it was known to him; but I do not find the condition to be a hidden danger; and there is the argument that the jury would have to speculate as to the cause of the accident.
 He may have gone into the depression resulting in tripping over the lintel. He may have tripped. His testimony was today, even though it was not in his deposition and it's not my point to judge the relative credibility of that, but his testimony today was he tripped over the lintel. But there is no evidence for the jury to be able to say that that was the result of him stepping into the depression. That testimony simply was not there.
 Based on these reasons, I find the motion to be well taken. The directed verdict is granted in favor of the Defendant.
This is a final decision subject to appeal.
You may prepare the entry.
(Tr. 115 — 117).
On appeal, Gary presents the following three assignments of error:
 1. THE TRIAL COURT ERRED IN ITS DETERMINATION THAT PLAINTIFF-APPELLANT WAS A LICENSEE AS A MATTER OF LAW.
 2. THE TRIAL COURT ERRED IN ITS DETERMINATION THAT DEFENDANT-APPELLEE'S DUTY TO PLAINTIFF-APPELLANT WAS SOLELY TO REFRAIN FROM WILLFUL AND WANTON CONDUCT AND TO WARN OF HIDDEN DANGERS.
 3. THE TRIAL COURT ERRED BY GRANTING A DIRECTED VERDICT AGAINST PLAINTIFF- APPELLANT IN THAT REASONABLE MINDS COULD CONCLUDE FROM THE EVIDENCE PRESENTED THAT THE HAZARDOUS THRESHOLD WAS THE CAUSE OF THE FALL/INJURY.
The first and third assignments of error are from the trial court's decision finding Cunningham to be a licensee, and that there was no evidence to go before the jury that his fall was caused by a hidden danger. We agree with the trial court on both of these issues. The first and third assignments of error are overruled.
In the second assignment of error, Cunningham asks us to "courageously" depart from the licensee rule of Ohio law and adopt a much broader and more generalized standard initially set forth by California in Rowland v. Christian (1968), 69 C.2d 108; 442 P.2d 561, which is followed at least in part by some twenty-other states. Appellant's brief, 13.
This court rather recently reaffirmed its allegiance to the licensee distinction that the licensor owes no duty to the licensee except to refrain from willfully or wantonly causing injury. Deangelis v. Donley (Jan. 29, 1999), Montgomery App. No. 17223, unreported. This court was only following the law stated by the Ohio Supreme Court as far back as 1921. Hannan v. Ehrlich (1921), 102 Ohio St. 176, 131 N.E. 504. This standard has been adhered to in Ohio by every court since then. It is settled law in Ohio that all inferior courts to the Supreme Court are "conclusively bound by a decision or ruling in the point by the Ohio Supreme Court." [Citations omitted]. 23 Ohio Jurisprudence 3d (1980), Courts and Judges, Section 510. See also, Smith v. Klem (1983),6 Ohio St.3d 16, 18. If Ohio departs from the current licensee standard, it will have to be done by the Supreme Court of Ohio. The second assignment of error is overruled, and the judgment is affirmed.
WOLFF, P.J. and FAIN, J., concur.