OPINION
Appellant Daniel Porter appeals the August 30, 2001 Judgment Entry of the Holmes County Court of Common Pleas, Juvenile Division, which granted appellee Crystal Beachy's Application for Change of Name of Minor.
 STATEMENT OF THE FACTS AND CASE
On June 28, 2001, appellee filed an application to change the name of her minor son from Jaden Michael Porter-Courtney to Jaden Michael Beachy. Appellant is the biological father of Jaden. Prior to and throughout these proceedings, appellant has been incarcerated at the Southeastern Correctional Institution in Lancaster, Ohio. Appellant filed a motion in opposition to appellee's application.
The trial court conducted a hearing on the matter on August 15, 2001. Appellant was not at the hearing nor did he have a representative at the hearing. At the hearing, the trial court spoke to Jaden in camera and questioned the boy regarding his desires relative to the name change. Jaden replied he wanted his name changed, "Because everybody else in my family is a Beachy except me."[1] Thereafter, the trial court questioned appellee. Appellee testified she and appellant were never married. Appellee noted, during the almost seven years of Jaden's life, appellant had sent his son one birthday card and one Christmas present. When Jaden was a baby, appellee permitted appellant's parents to take Jaden to the institution to visit appellant. However, as Jaden became older, appellee stopped the visits because she did not think it was appropriate for the child to be in such an environment. Appellee recalled appellant had not seen Jaden since the child was a couple of months old. The trial court specifically questioned appellee regarding appellant's comment he was estranged from Jaden "due to [appellee's] unwillingness to communicate with [appellant] regarding his son."[2] Appellee explained, although she chose not to give appellant her telephone number, appellant was and has been free to contact her parents. Appellee stated appellant telephoned her parents for a period of time, but subsequently ceased the contact. Appellee advised the trial court appellant entered prison for armed robbery in May, 1994, and would not be eligible for parole until Jaden was eleven years old. The trial court also questioned appellee regarding Jaden's relationship with Jr. Beachy, his stepfather, as well as appellee's relationship with Mr. Beachy. Finally, the trial court asked appellee if Jaden spoke about or asked questions about appellant, to which appellee replied, "No."
Thereafter, the trial court questioned Jr. Beachy. The trial court asked Mr. Beachy about his relationship with Jaden as well as his marriage to appellee. John and Connie Courtney, appellee's parents, and Loretta Gerber, Mr. Beachy's mother, provided the trial court with brief comments regarding their views of the name change.
Thereafter, the trial court granted appellee's application to change Jaden's name to Jaden Michael Beachy. The trial court memorialized its decision via Judgment Entry filed August 30, 2001.
It is from this judgment entry appellant appeals, raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S REQUEST TO CHANGE THE MINOR CHILD'S NAME WHERE THE COURT DID NOT FULLY CONSIDER ALL THE FACTORS SET DOWN IN RE: WILLHITE, (S.Ct. 1999), 85 OHIO ST. 3d 28, 706 N.E.2d 778.
 II. THE TRIAL COURT ERRED WHEN IT ACCEPTED PERJURED AND OR CONTRADICTORY TESTIMONY BY THE PLAINTIFF, MRS. CRYSTAL BEACHY.
 III. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REPEATEDLY INJECTED ITS PERSONAL OPINION INTO THE DECISION TO CHANGE THE NAME OF THE MINOR CHILD.
 I
In his first assignment of error, appellant contends the trial court erred in granting appellee's application to change Jaden's name.
When reviewing a decision that a child's name should be changed, a reviewing court is not free to substitute its judgment for that of the trial court.[3] The determination of what is in the best interest of the child is within the sound discretion of the trial court. An abuse of discretion involves more than an error of judgment. It is an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary.[4] A reviewing court should presume that the trial court's findings are accurate, since the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections and use these observations in weighing the credibility of the witnesses.[5]
Specifically, appellant maintains the trial court failed to consider the factors set forth in In re: Willhite. In Willhite, the Ohio Supreme Court reviewed an application to change a minor's surname. The Willhite
Court stated:
 R.C. 2717.01(A) requires the court to determine whether the facts set forth in the application show reasonable and proper cause for changing the name of the applicant. We hold that when deciding whether to permit a name change for a minor child pursuant to R.C. 2717.01(A), the trial court must consider the best interest of the child in determining whether reasonable and proper cause has been established.
 [I]n determining whether a change of a minor's surname is in the best interest of the child, the trial court should consider the following factors: the effect of the change on the preservation and development of the child's relationship with each parent; the identification of the child as part of a family unit; the length of time that the child has used a surname; the preference of the child if the child is of sufficient maturity to express a meaningful preference; whether the child's surname is different from the surname of the child's residential parent; the embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the residential parent's; parental failure to maintain contact with and support of the child; and any other factor relevant to the child's best interest.[6]
Although the trial court herein did not enumerate each of the factors set forth in Willhite, it is clear from the questions asked by the trial court, the trial court considered those factors. The evidence revealed appellant had not and could not maintain a relationship with Jaden. Appellant had been incarcerated since the boy was an infant and would not be eligible for parole until the child was eleven years old. Appellant had made minimal efforts to correspond with Jaden over the years. Additionally, the evidence revealed Jaden has a close relationship with his stepfather and the stepfather's extended family. Jaden not only expressed his desire to have the same surname as his mother, stepfather, and sister, but also expressed feelings of being different because he did not have the same surname.
Based upon the foregoing and the entire record in this matter, we find the trial court fully considered the factors set forth in Willhite, and did not abuse its discretion when it granted appellee's request to change Jaden's name.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant asserts the trial court erred in accepting appellee's testimony, which was perjured and/or contradictory.
In support of his position appellee perjured herself, appellant refers to documentary evidence which was not made part of the trial court's record. An appellate court cannot consider evidence that was not presented to the trial court.[7]
Next, appellant asserts appellee's testimony was contradictory because she testified she chose not to give appellant her telephone number, but subsequently stated she would not have a problem with appellant's writing letters to or calling Jaden.[8] We do not find such statements to be contradictory. The fact appellee chose not to give appellant her telephone number does not, in and of itself, prevent appellant from having contact with Jaden via telephone calls to his grandparents. Further, appellee testified appellant did not bother or make an effort to correspond in any manner with Jaden. The trial court is in the best position to weigh the evidence and assess the credibility of the witnesses. We do not find the trial court erred in choosing to believe appellee's testimony.
Appellant's second assignment of error is overruled.
 III
In his final assignment of error, appellant submits the trial court abused its discretion in repeatedly interjecting its personal opinion at the hearing. Specifically, appellant takes issue the trial court's comment to Jaden he had given a good answer to the question of why he desired to change his name, as well as the trial court's statement appellant had forfeited his right to argue the issue because he was in prison.
With respect to the first statement by the trial court, we find such is merely a statement of encouragement to a young child who is in an unfamiliar situation. As to the second statement, we find it is purely a statement of fact. Accordingly, we find appellant's third assignment of error to be without merit and overrule the same.
The judgment of the Holmes County Court of Common Pleas, Juvenile Division, is affirmed.
By: HOFFMAN, P.J., WISE, J. and EDWARDS, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Holmes County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.
[1] Tr. of Hearing at 3.
[2] Defendant's Memorandum in Reply to Plaintiffs [sic] Motion to Change Name of Minor Child pursuant to R.C. 2717.01 at 2, unpaginated.
[3] In re Jane Doe 1 (1991), 57 Ohio St.3d 135.
[4] Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd. (1992),63 Ohio St.3d 498.
[5] In re: Jane Doe 1, supra.
[6] Id. (Citations omitted).
[7] Mendelsohn v. Habitat for Humanity Int., Inc. (1999),134 Ohio App.3d 83, 88.
[8] Tr. at 8, 11.